NANNIE PARSONS v. ALLEGHANY COUNTY BOARD OF EDUCATION
No. 6923IC66

(Filed 26 February 1969)

**1. Courts § 21; State § 7— tort committed in another state — what law governs**

In an action brought in this State under the Tort Claims Act for a collision which occurred in Virginia, the substantive law of Virginia and the procedural law of North Carolina apply.

**2. State § 8— school bus accident in Virginia — negligence of bus driver**

In an action brought in this State under the Tort Claims Act for injuries sustained in Virginia when defendant's school bus backed into plaintiff's automobile, findings of fact by the Industrial Commission supported by competent evidence *are held* sufficient to show that defendant's school bus driver violated Virginia Code § 46.1-216 by backing the school bus without first seeing that such movement could be made in safety and was therefore negligent under Virginia law in the operation of the school bus.

**3. State § 8— school bus accident in Virginia — contributory negligence**

In an action under the Tort Claims Act for injuries sustained in Virginia when defendant's school bus backed into plaintiff's automobile, finding by the Industrial Commission that plaintiff was not contributorily negligent, which is in effect a finding that plaintiff met the requirement of Virginia law that she use reasonable care to avoid injury from defendant's negligence, *is held* supported by evidence that plaintiff blew her horn when she ascertained the school bus driver was not going to stop but did not have time to back her automobile out of the path of the school bus.

**4. State § 10— review of Industrial Commission decision**

Appeal to the Court of Appeals from a decision of the Industrial Commission is for errors of law only under the same terms and conditions as govern appeals in ordinary civil actions, and the findings of fact of the Commission are conclusive if there is any competent evidence to support them.

**5. State § 10— sufficiency of findings by Industrial Commission**

In this action under the Tort Claims Act, the facts found by the Industrial Commission *are held* pertinent to the issues and ample to determine the dispute and support the award, the Commission not being required to make findings coextensive with the credible direct evidence.

**6. State § 7— contributory negligence — pleadings**

In order to rely upon contributory negligence as a defense to an action under the Tort Claims Act, it must be pleaded in the answer, G.S. 143-297, G.S. 1-139, and failure of the Industrial Commission to make findings of fact as to contributory negligence is not error where defendant did not file an answer setting forth that defense.

**7. State § 10— sufficiency of findings by Industrial Commission**

In this action under the Tort Claims Act, there is nothing in the record to indicate a desire on the part of the Industrial Commission to arbitrarily and capriciously deprive defendant of the successful chance to overturn its decision on appeal by intentionally excluding from its findings direct evidence which was believed.

DEFENDANT appealed from award of Industrial Commission filed herein on 23 September 1968.

This is a claim for damages under the Tort Claims Act, as provided in G.S. 143-291, et seq.

Plaintiff filed a claim as required in the form of an affidavit with the North Carolina Industrial Commission on 26 April 1966 and amended it on 3 May 1966. The defendant did not file an answer, demurrer or other pleading to the affidavit.

Plaintiff asserted that she lived in Virginia and on 30 March 1966 received personal injuries and damages to her automobile as a result of the negligent operation of defendant's school bus by John Church, agent and employee of the defendant.

After a hearing on 22 March 1968, the Deputy Commissioner of the Industrial Commission on 24 April 1968 made the following findings of fact:

"1. That John Church stopped the school bus he was driving to let a student off on Highway #93 over the North Carolina line in Virginia and then proceeded to back said school bus into a Virginia Secondary Road #708, which he did every school day at this point.

2. That as John Church backed the school bus at a speed of four to six miles per hour, he failed to keep a proper lookout as he was backing, and hit the plaintiff's car that had stopped behind the bus; that said employee, John Church, failed to do that which and did other than a reasonable person would have done under the same or similar circumstances. This constitutes negligence upon his part and such negligence was the proximate cause of the accident giving rise hereto and the damages sustained by the plaintiff.

3. Plaintiff acted the same as a reasonable prudent person would have done under the same or similar circumstances and there was no contributory negligence upon her part.

4. Following the accident, the plaintiff contacted Dr. J. C. Moxley of Independence, Virginia, Dr. Thomas H. Kuhnert of

Bristol, Tennessee and Dr. Jonas Stankaitis of Cleveland, Ohio, when she visited with her daughter in Ohio; that the plaintiff was examined by Dr. David D. Anderson, Orthopedic Specialist, at Bowman Gray Hospital in Winston-Salem, North Carolina, and that the plaintiff's case was diagnosed as an acute cervical and lumbar strain.

5. Plaintiff still complains that she has back pain and neck pain and is unable to carry on her normal work on her farm.

6. As a result of the injury by accident giving rise hereto, the plaintiff sustained $473.07 damages to her automobile and she has incurred $531.90 in medical expenses and has suffered with pain and suffering. By reason of such things, plaintiff was damaged in the total amount of $4,500.00 as a result of the accident giving rise hereto."

Upon such finding, the hearing Commissioner made an award to the plaintiff of $4,500.00. The defendant appealed to the Full Commission asserting that the material findings of fact were "contrary to fact and applicable law," and filed a motion, which was allowed, for the finding of evidentiary facts dealing with the actions of the plaintiff on the occasion complained of. The Full Commission thereupon held:

"The defendant's motion is in order and is allowed, and to that end Findings of Fact 1 and 2 in Mr. Dandelake's decision and order are expunged from the record and in lieu thereof the following:

'1. Highway #93 is a rural paved road that runs from Alleghany County, North Carolina, into Virginia. Just after crossing the North Carolina-Virginia line (into Virginia) Secondary Road #708 intersects said Highway #93 to form a "T" intersection; Highway #708 is a dirt road.

'2. John Church's bus route requires him to drive the school bus on Highway #93 and proceed across into Virginia and then turn around by backing the school bus into Highway #708, the dirt road. On the day in question plaintiff saw the bus and brought her car to a stop on Highway #708, the dirt road, approximately fifty-five feet from the intersection of Highway #93. The bus is approximately 30 to 35 feet long. As John Church backed the school bus at a speed of four to six miles per hour onto Highway #708, he failed to keep a proper lookout as he was backing and backed the bus into the front of plaintiff's car. The plaintiff blew her horn but despite this the school bus

struck her car. John Church, the defendant's agent, was negligent in that he did not keep a proper lookout and act as an ordinary prudent man would act under the same conditions. This negligence is imputed to the defendant and such negligence was the sole proximate cause of the accident.'

In all other respects the said decision and order of Deputy Commissioner C. A. Dandelake, filed April 24, 1968, is affirmed."

From the findings and award of the Full Commission, the defendant assigns error and appeals.

*Arnold L. Young and J. Colin Campbell for plaintiff appellee.*

*Attorney General Robert Morgan by Staff Attorney R. N. League, and R. F. Crouse for defendant appellant.*

MALLARD, C.J.

[1]    This case grew out of a collision in the State of Virginia between a school bus owned by the defendant and an automobile owned by the plaintiff. The substantive law of the State of Virginia is applicable. The procedural laws of the State of North Carolina are applicable. Thus, whether under the substantive law of Virginia the evidence offered by plaintiff is sufficient to support the findings of fact is determinable in accordance with the laws of the State of North Carolina. *Conrad v. Motor Express,* 265 N.C. 427, 144 S.E. 2d 269.

In the case of *Kirby v. Fulbright,* 262 N.C. 144, 136 S.E. 2d 652, Justice Bobbitt said:

"The substantive rights and liabilities of the parties are to be determined in accordance with the laws of Virginia, the *lex loci.* Procedural matters are to be determined in accordance with the law of North Carolina, the *lex fori. Nix v. English,* 254 N.C. 414, 419, 119 S.E. 2d 220, and cases cited; *Knight v. Associated Transport,* 255 N.C. 462, 464, 122 S.E. 2d 64; *Frisbee v. West,* 260 N.C. 269, 271, 132 S.E. 2d 609. G.S. 8-4 requires that we take judicial notice of the pertinent Virginia law.

Whether, under the substantive law of Virginia, the evidence was sufficient to require its submission to the jury is determinable in accordance with the procedural law of this jurisdiction."

[2]    There was ample evidence to support the findings of fact of the Industrial Commission. The findings of fact reveal a violation by the defendant's bus driver of that portion of the Virginia Code

§ 46.1-216 reading as follows: "Every driver who intends to start, back, stop, turn or partly turn from a direct line shall first see that such movement can be made in safety . . ." A violation of this section constitutes negligence under the Virginia law. *Unger v. Rackley,* 205 Va. 520, 138 S.E. 2d 1.

The defendant's driver testified that he did not hear the plaintiff sound her horn and that he did not even see plaintiff's vehicle until after he had backed his bus off of Highway #93 into Virginia Secondary Road #708. According to defendant's agent, (the bus driver), he violated the provision of this statute, in that he backed the school bus into Road #708 and struck plaintiff's automobile without even seeing it until after the collision. It is clear that he backed the school bus into Road #708 without first seeing that such movement could be made in safety and was therefore guilty of negligence in the operation of the school bus. The Supreme Court of Virginia said in the case of *Messick v. Barham,* 194 Va. 382, 73 S.E. 2d 530, that "(i)t is as much the duty of the driver of a car intending to back his car to give proper warning of his intention, and while backing to look where he is backing, as it is his duty to look to the front while proceeding forward and to give timely warning of his approach. Backing is naturally more dangerous than driving forward, and, therefore, should require no less care than the latter. . . .

. . . It is as much the duty of the driver of a car to keep and maintain a proper lookout after his car starts to move as it is to look before it moves."

**[3]** Defendant contends that the Industrial Commission committed error in finding that plaintiff was not contributorily negligent and that only defendant's negligence proximately caused plaintiff's injuries. This contention is without merit. The evidence tends to show that plaintiff had stopped her car on a downhill grade about 55 or 60 feet from the traffic island. That the school bus was 30 or 35 feet long. That when the school bus driver kept coming on back, she blew her horn, and the bus was coming too fast for her to move before it hit her.

Defendant cites many Virginia cases holding in substance that a plaintiff has the duty to use reasonable care to avoid injury from a defendant's negligence if such action is reasonable. Defendant also cites the case of *Penoso v. D. Pender Grocery Co.,* 177 Va. 245, 13 S.E. 2d 310, which states that "the duty to maintain a lookout involves not only the physical act of looking, but also a reasonably prudent reaction to whatever might be seen." We think this rule ap-

plied both to the plaintiff and the driver of defendant's bus. Under the circumstances disclosed by this evidence, the plaintiff, under the Virginia law, also had the right to rely on the presumption that the driver of the school bus would comply with the applicable provisions of the Virginia law in backing the vehicle. *Luck v. Rice,* 182 Va. 373, 29 S.E. 2d 238; *Unger v. Rackley, supra.* Plaintiff testified in substance that after she ascertained the driver of the school bus was not going to stop, she blew her horn but did not have time to back her vehicle out of the path of the school bus. The Industrial Commission, the fact-finding body, found that plaintiff was not contributorily negligent and in so doing found, in effect, that she saw and then reacted to what she saw in a reasonably prudent manner. *Whitfield v. Dunn,* 202 Va. 472, 117 S.E. 2d 710.

**[4]** The findings of fact of the Industrial Commission are supported by competent evidence. It is provided in G.S. 143-293 that the appeal to the Court of Appeals from the decision of the Full Commission is for errors of law only under the same terms and conditions as govern appeals in ordinary civil actions, and the findings of fact of the Commission shall be conclusive if there is any competent evidence to support them. In fact, defendant in its brief says:

> "While at the trial level defendant disputed certain of the facts on which findings were based, it does not challenge the content of the existing findings on appeal since evidence exists to support them."

**[5]** Defendant contends that "the substantive aspects of this case may not be properly before the Court of Appeals because of the sketchy findings of fact made below." Defendant moved for additional findings of fact and excepted to the failure to find them. This contention is without merit. The facts found are pertinent to the issues and are ample to determine the dispute and support the award. G.S. 97-84. Defendant has cited no authority and we have found none which requires the Industrial Commission to make findings coextensive with the credible direct evidence as defendant contends. In the case of *Guest v. Iron & Metal Co.,* 241 N.C. 448, 85 S.E. 2d 596, the Court said: "The Commission is not required to make a finding as to each detail of the evidence or as to every inference or shade of meaning to be drawn therefrom."

**[6]** It is noted in the record that there is no answer filed by the defendant alleging contributory negligence or any other defense. It was admitted on oral argument that no answer was filed. The last paragraph of G.S. 143-297 reads as follows:

"The department, institution or agency of the State against whom the claim is asserted shall file answer, demurrer or other pleading to the affidavit within thirty (30) days after receipt of copy of same setting forth any defense it proposes to make in the hearing or trial, *and no defense may be asserted in the hearing or trial unless it is alleged in such answer,* except such defenses as are not required by the Code of Civil Procedure or other laws to be alleged." (emphsais added)

G.S. 1-139 reads as follows:

"In all actions to recover damages by reason of the negligence of the defendant, where contributory negligence is relied upon as a defense, it must be set up in the answer and proved on the trial."

Applying these two statutes, we are of the opinion that since the defendant did not file an answer setting forth contributory negligence as a defense, its contention that the Industrial Commission did not make any additional findings of fact as to contributory negligence is without merit.

Defendant in its brief also asserts:

"It seems clear from the above that the failure to find the facts moved for was not because they were untrue or unbelieved but because of one of the following errors of law:

(a)   the Industrial Commission arbitrarily and capriciously desired to deprive defendant of the successful chance to overturn its decision on appeal by intentionally excluding from its findings direct evidence which was believed;

(b)   the Industrial Commission did not feel that its written findings needed to be coextensive with the credible direct evidence in order to afford appellate review to defendants; (sic)

(c)   the Industrial Commission did not feel the evidence was relevant or conclusive;

Defendant submits that '(a)' above is a violation of due process of law; '(b)' above goes against the citations set out above under this question; '(c)' above is contrary to the case law cited under Question I in this brief."

[7]   We have carefully examined the entire record and are of the opinion and so hold that on this record there is nothing to indicate a desire on the part of the Industrial Commission to arbitrarily and capriciously deprive defendant of the successful chance to overturn its decision on appeal by intentionally excluding from its findings

direct evidence which was believed, and that there is no violation of due process as contended by defendant.

We find nothing in this record or the citations in defendant's brief to indicate any feeling, negative or positive, on the part of the Industrial Commission with respect to making necessary findings in order to afford appellate review to defendant. Such contention, as is set out in section (b) above, is without merit.

We also do not find anything in this record or the case law cited in defendant's brief to indicate that the Industrial Commission did not feel the evidence was relevant or conclusive.

The award of the North Carolina Industrial Commission is

Affirmed.

BRITT and PARKER, JJ., concur.