ORANGE COUNTY, A MUNICIPAL CORPORATION v. FORREST T. HEATH AND WIFE, NANCY B. HEATH

No. 21

(Filed 15 November 1972)

1. Municipal Corporations § 12; State § 4— governmental immunity

The common law rule of governmental immunity prevails in North Carolina and a municipality cannot waive such immunity absent statutory authority.

2. Pleadings § 12— governmental immunity — counterclaim against County barred

The fact that defendants' claim arose in an action instituted by the County does not confer jurisdiction on the court to hear defend-

ants' claim for damages since allowing the counterclaim would permit defendants to do indirectly what they cannot do directly.

3. **Municipal Corporations § 12; Injunctions § 16— damages for wrongful injunction — governmental immunity**

A municipal corporation's governmental immunity against a claim for damages by a party wrongfully restrained or enjoined by the municipal corporation was not abrogated by the enactment of Rule of Civil Procedure 65(c), providing that no security for payment of damages for wrongfully obtaining an injunction shall be required of the State or its political subdivisions, but that "damages may be awarded against such party in accord with this rule."

4. **Municipal Corporations § 12; State § 4— governmental immunity — no waiver by procedural rule**

The concept of sovereign immunity is so firmly established that it should not and cannot be waived by indirection or by procedural rule; rather, any change should be by plain, unmistakable mandate of the lawmaking body.

5. **Municipal Corporations § 12; Injunctions § 16— damages for wrongful injunction — governmental immunity — no abolishment by procedural rule**

G.S. 160-191.1 empowering but not requiring a municipal corporation to waive its immunity from liability for damages only to the extent of the amount of liability insurance obtained by the corporation is a clear indication that the General Assembly did not abandon, abrogate or abolish the rule of governmental immunity by the use of equivocal language in Procedural Rule 65.

ON *certiorari* to review the decision of the North Carolina Court of Appeals (14 N.C. App. 44, 187 S.E. 2d 345) affirming an order entered in the Superior Court by *Hobgood, J.*, on September 23, 1971, denying the defendants' claim of damages. The order contains the following: " . . . (I)t appearing to the Court and the Court finds as fact:

"That the Plaintiff is a municipal corporation; that the original action was commenced to restrain the Defendants from performing acts which the Plaintiff alleged were in violation of a County Zoning Ordinance; that the Plaintiff obtained a Temporary Restraining Order, which upon a hearing in the Superior Court and upon appeal to the North Carolina Supreme Court was dissolved; that the North Carolina Supreme Court declared that the Plaintiff was not entitled to the said injunction and ordered the same dissolved.

"Upon the foregoing findings of fact, the Court concludes as a matter of law that the Plaintiff, Orange County, being a municipal corporation, has governmental immunity; that the acts of the County of Orange in obtaining said injunction were in the exercise of the County's governmental functions.

"Now, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Orange County is not liable to the Defendants for damages and that the Defendants are not entitled to recover and, therefore, their Motion in the cause is hereby dismissed."

The petition for certiorari was allowed June 13, 1972.

*Graham & Cheshire by Lucius M. Cheshire for plaintiff appellee*

*Winston, Coleman and Bernholz by A. B. Coleman, Jr., for defendant appellants.*

HIGGINS, Justice.

The history of this proceeding leading up to Judge Hobgood's order appears in our prior decision reported in 278 N.C. 688, 180 S.E. 2d 810. Judge Hobgood denied the defendants' motion for the assessment of damages on the ground the County of Orange cannot be held liable to the defendants for any damages they may have sustained as a result of the invalid restraining order issued by the court at the instance of Orange County, which order resulted in a work stoppage and delay in the completion of their mobile home park. The denial was based solely on the ground that Orange County, being a municipal corporation, having obtained the restraining order in the exercise of its governmental function, is immune from suit for damages.

[1] The common law rule of governmental immunity prevails in North Carolina: "Under this common law rule a municipality is not liable for the torts of its employees or agents committed while performing a governmental function." *Galligan v. Chapel Hill*, 276 N.C. 172, 171 S.E. 2d 427; *Taylor v. Bowen*, 272 N.C. 726, 158 S.E. 2d 837; *Millar v. Wilson*, 222 N.C. 340, 23 S.E. 2d 42. In the absence of statutory authority a municipality has no power to waive its governmental immunity. *Stephenson v. Raleigh*, 232 N.C. 42, 59 S.E. 2d 195.

Orange County v. Heath

**[2]** The fact that the defendants' claim arose in the action instituted by the County does not confer jurisdiction on the court to hear defendants' claim for damages. "The defendant in setting up this 'new matter and by way of counterclaim,' . . . is in effect bringing a cross-action against the plaintiffs for their wrongful act, as county commissioners in their official capacity, which he could not maintain if he brought directly, and therefore he cannot bring it by way of counterclaim." *Graded School v. McDowell,* 157 N.C. 316, 72 S.E. 1083.

**[3]** The defendants, conceding the general rule of governmental immunity, nevertheless contend that North Carolina, by the enactment of Procedural Rule 65(c) (G.S. 1A-1), waived immunity in a case of the type here involved. Rule 65(c) provides that restraining orders shall not issue except "Upon the giving of security by the applicant. . . . No such security shall be required of the State of North Carolina or of any county or municipality thereof, or any officer or agency thereof acting in an official capacity, but damages may be awarded against such party in accord with this rule." Section (e) of Rule 65 provides: "An order or judgment dissolving an injunction or restraining order may include an award of damages against the party procuring the injunction and *the sureties* (emphasis ours) . . . without a showing of malice or want of probable cause . . . . " It is arguable that the provision includes only parties who are required to give *the sureties*. This interpretation fits into Professor Sizemore's view later referred to herein. The wording of the rule as to whether it applies generally or only to parties who are required to give sureties is at least equivocal.

Prior to the enactment of G.S. 1A-1, the Bar Association and the General Statutes Commission made a study, looking toward changes in the rules of court procedure. These studies clearly indicate that G.S. 1A-1 was intended as an amendment to the procedural law of the State bringing it in line with Federal Procedural Rule 65. However, the Bar Association and the General Statutes Commission were mindful of Article IV, Section 13(2) of the North Carolina Constitution which provides this limitation: "No rule of procedure or practice shall abridge substantive rights or abrogate or limit the right of trial by jury."

**[4]** Professor Sizemore of the Wake Forest University School of Law, published an article in 5 Wake Forest Intramural Law

Review 1 discussing the changes in Rule 65. Professor Sizemore, a member of the drafting committee, said: "The changes in injunction procedure are minute. Certain parts of the previous statutes dealing with injunction procedure have been repealed simply because substantially the same provisions are included in Rule 65." Clearly a minute change in a procedural rule would not embrace so fundamental a change as to abolish governmental immunity. Even if attempted, the constitutional provision above quoted would require a direct and positive declaration of policy, rather than a minute procedural change. The State and its governmental units cannot be deprived of the sovereign attributes of immunity except by a clear waiver by the lawmaking body. The concept of sovereign immunity is so firmly established that it should not and cannot be waived by indirection or by procedural rule. Any such change should be by plain, unmistakable mandate of the lawmaking body.

The decision of the Supreme Court of South Carolina in *Hollifield v. Keller*, 238 S.C. 584, 121 S.E. 2d 213, is directly in point: " 'As we understand the rule relating to the immunities attaching to sovereignty, such attributes are never to be considered as waived or surrendered by any inference or implication. The surrender of an attribute of sovereignty being so much at variance with the commonly accepted tenets of government, so much at variance with sound public policy and public welfare, the Courts will never say that it has been abrogated, abridged, or surrendered, except in deference to plain, positive legislative declarations to that effect.' *Heman Const. Co. v. Capper,* 105 Kan. 291, 293, 182 P. 386."

[5] The General Assembly of North Carolina by G.S. 160-191.1, apparently repealed and re-enacted by Chapter 698, Session Laws of 1971, provided: "The governing body of any incorporated city or town, by securing liability insurance as hereinafter provided, is hereby authorized and empowered, but not required, to waive its governmental immunity from liability for any damage by reason of death, or injury to person or property, proximately caused by the negligent operation of any motor vehicle by an officer, agent or employee of such city or town when acting within the scope of his authority or within the course of his employment. Such immunity is waived only to the extent of the amount of the insurance so obtained." Hence the waiver did not involve one of the present reasons for the rule—that is the solvency of the town. The precise man-

ner in which the Legislature spelled out the waiver is a clear indication the General Assembly did not abandon, abrogate or abolish the rule of governmental immunity by the use of equivocal language in Procedural Rule 65.

The decision of the Court of Appeals affirming Judge Hobgood's order is correct and is

Affirmed.