LELAND MIDGETT, Plaintiff v. NORTH CAROLINA DEPARTMENT OF TRANS-
PORTATION, Employer, SELF-INSURED (Key Risk Management, Servicing
Agent), Defendant

No. COA01-1081

(Filed 3 September 2002)

**Tort Claims Act— Jones Act—injury to seaman—sovereign
immunity**

The Industrial Commission did not err by dismissing plaintiff
employee seaman's claim for injuries against defendant employer
Department of Transportation based on lack of jurisdiction under
the Tort Claims Act, because the State has not waived its sover-
eign immunity to Jones Act claims under 46 U.S.C. 688, a federal
statute which governs recovery for injury to seamen.

Appeal by plaintiff from an Order of the Full Commission entered
on 5 June 2001. Heard in the Court of Appeals 4 June 2002.

*Attorney General Roy Cooper, by Assistant Attorney General
Amar Majmundar, for the State.*

*The Twiford Law Firm, L.L.P., by Branch W. Vincent, III, for
plaintiff-appellant.*

HUDSON, Judge.

The plaintiff appeals an Order of the Industrial Commission dis-
missing his claim against his employer, the N.C. Department of
Transportation ("DOT"), for lack of jurisdiction under the Tort Claims
Act. We affirm.

Plaintiff was employed by the DOT as a seaman aboard the M/V
Kinnakeet, a ferry boat transporting motor vehicles and passengers
between Hatteras Island and Ocracoke Island. On the morning of 4
July 1995, plaintiff slipped and fell on the deck of the Kinnakeet,
injuring his back. According to the report filed by the plaintiff's inves-
tigating supervisor E.M. Farrow, the accident occurred because the
deck was wet from a rain shower. In addition, the wrong paint had
been applied to the deck of the vessel, so that instead of a rough, non-
skid finish, the deck had a slick finish.

The plaintiff filed a claim under the Workers' Compensation
Act, N.C. Gen. Stat. §§ 97-1 to 97-200 (2001); the claim was settled

by a compromise settlement agreement between the parties. The agreement was approved by the Industrial Commission on 25 September 1997.

The plaintiff then filed this claim against the DOT under the Tort Claims Act, N.C. Gen. Stat. §§ 143-291 to 143-300.1 (2001), which authorizes claims against the State for injuries due to negligence if they arose "under circumstances where the State of North Carolina, if a private person, would be liable to the claimant in accordance with the laws of North Carolina." N.C.G.S. § 143-291(a). The plaintiff contended that although his claim was filed under the Tort Claims Act, it stems from the Jones Act, 46 U.S.C. 688 (2001), a federal statute which governs recovery for injury to seamen. The State filed a motion to dismiss, asserting: (1) that plaintiff failed to state a claim upon which relief can be granted under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure (2001), because the State has not waived sovereign immunity for Jones Act claims; (2) that the plaintiff has already recovered through his exclusive remedy for his injury under the Workers' Compensation Act, so that this claim is barred; and (3) that even if the plaintiff stated a claim under the Tort Claims Act, he failed to allege negligence on the part of a named employee of the defendant as required by N.C. Gen. Stat. § 143-291 and § 143-297(2) (2001). Deputy Commissioner William C. Bost of the Industrial Commission entered an order dismissing the claim without specifying the grounds. The defendant appealed to the Full Commission arguing only the lack of subject matter jurisdiction due to sovereign immunity. The Commission entered an order discussing the issue at some length, and concluding, in pertinent part, that the matter was not properly before it because:

> [t]he North Carolina Department of Transportation is an agency of the state and cannot be sued except as provided by statute and may be sued in tort only as authorized by the Tort Claims Act. Although granted jurisdiction to hear claims brought under the North Carolina Tort Claims Act, the General Assembly has not waived sovereign immunity for Jones Act claims and therefore has not granted the Industrial Commission jurisdiction over Jones Act claims.

(internal citations omitted). The Full Commission dismissed the claim for lack of subject matter jurisdiction. The plaintiff appeals.

The plaintiff assigns error to the Industrial Commission's conclusion that the Commission lacked jurisdiction over his claim. Typically

findings of fact in final decisions on appeal to this Court from the Industrial Commission are binding upon this Court if supported by any competent evidence. *See* N.C. Gen. Stat. § 143-293 (2001); *see also Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). However, a determination of jurisdiction is not binding upon this Court, and "any reviewing court, including the Supreme Court, has the duty to make its own independent findings of jurisdictional facts from its consideration of the entire record." *Dowdy v. Fieldcrest Mills*, 308 N.C. 701, 705, 304 S.E.2d 215, 218 (1983) (citing *Lucas v. Stores*, 289 N.C. 212, 221 S.E.2d 257 (1986)), *reh'g denied*, 311 S.E.2d 590 (1984). Upon consideration of the entire record, we hold that the Industrial Commission has no jurisdiction over this claim because the State has not waived its sovereign immunity to Jones Act claims. The doctrine of sovereign immunity "protects the State and its agencies from suit absent waiver or consent." *Wood v. N.C. State Univ.*, 147 N.C. App. 336, 338, 556 S.E.2d 38, 40 (2001). *disc. rev. denied*, 355 N.C. 292, 561 S.E.2d 887 (2002). Unless waived, "the immunity provided by the doctrine [of sovereign immunity] is absolute and unqualified." *Price v. Davis*, 132 N.C. App. 556, 559, 512 S.E.2d 783, 786 (1999) (internal citations and quotations omitted). The State waives immunity when the General Assembly grants statutory authority to be sued, but may then "be sued only in the manner and upon the terms and conditions prescribed." *Alliance Co. v. State Hospital*, 241 N.C. 329, 332, 85 S.E.2d 386, 389 (1955) (internal citations and quotations omitted). Statutes which authorize suit against the State, "being in derogation of the sovereign right to immunity, must be strictly construed." *Guthrie v. State Ports Authority*, 307 N.C. 522, 538, 299 S.E.2d 618, 627 (1983).

The Tort Claims Act constitutes such a specific statutory waiver of immunity. In part, it provides:

The North Carolina Industrial Commission is hereby constituted a court for the purpose of hearing and passing upon tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. The Industrial Commission shall determine whether or not each individual claim arose as a result of the negligence of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority, under circumstances where the State of North Carolina, if a private person, would be liable to the claimant *in accordance with the laws of North Carolina.* If

the Commission finds that there was such negligence on the part of an officer, employee, involuntary servant or agent of the State . . . and that there was no contributory negligence on the part of the claimant . . . the Commission shall determine the amount of damages which the claimant is entitled to be paid, including medical and other expenses, and by appropriate order direct the payment of such damages.

N.C.G.S. § 143-291(a) (emphasis added).

Prior to the original enactment of the Tort Claims Act in 1951, the State Highway Commission, now the DOT, was immune from all liability for ordinary negligence. *See Givens v. Sellars*, 273 N.C. 44, 159 S.E.2d 530 (1968). Since the passage of the Act, an injured person has been able to proceed in tort against the DOT, in the manner provided in the Act. *See Davis v. Highway Commission*, 271 N.C. 405, 156 S.E.2d 685 (1967). Such claims proceed according to North Carolina common law principles in the Industrial Commission. *See MacFarlane v. Wildlife Resources Com.*, 244 N.C. 385, 93 S.E.2d 557 (1956).

Plaintiff filed this tort claim in the Industrial Commission alleging that the DOT is liable to him under the Jones Act, which states, in part, that:

Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply . . . . Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located.

46 U.S.C.A. 688 (2001). He contends that there is nothing in the Tort Claims Act which prohibits an injured person from pursuing a claim based on liability under this federal statute. Although this precise issue has not been addressed by our state appellate courts, the related cases lead us to disagree.

The Tort Claims Act expressly states that the State may be liable only in "circumstances where the State of North Carolina, if a private person, would be liable to the claimant *in accordance with the laws of North Carolina*." N.C.G.S. § 143-291(a) (emphasis added). The Tort

Claims Act specifically codifies and automatically raises the defense of contributory negligence in each claim:

> Contributory negligence on the part of the claimant or the person in whose behalf the claim is asserted shall be deemed to be a matter of defense on the part of the State department, institution or agency against which the claim is asserted, and such State department, institution or agency shall have the burden of proving that the claimant or the person in whose behalf the claim is asserted was guilty of contributory negligence.

N.C. Gen. Stat. § 143-299.1 (2001). The Industrial Commission determines how to apply substantive contributory negligence law, however, by resorting to North Carolina common law. As the Full Commission noted here, "[the Jones] Act applies the standard of comparative negligence." *See also Socomy-Vacuum Oil Company v. Smith*, 305 U.S. 424, 431, 83 L. Ed. 265, 270 (1939). Thus, an employer who would be liable to a partially negligent claimant under the Jones Act, would not be liable to the same claimant "in accordance with the laws of North Carolina," because of the state law doctrine of contributory negligence.

The plaintiff argues that the Court's decision in *Parsons v. Board of Education* implies that the Commission may entertain a tort claim that is based on law other than that of the state of North Carolina. *See Parsons v. Board of Education*, 4 N.C. App. 36, 165 S.E.2d 776 (1969). There, this Court affirmed a decision of the Industrial Commission which applied the substantive law of Virginia in a tort claim against the State of North Carolina. *See id.* The claim arose out of a collision between a North Carolina school bus and an automobile in Virginia. *See id.* at 39, 165 S.E.2d at 778. This Court applied the doctrine of *lex loci*, itself arising from North Carolina common law, to decide that the substantive rights and liabilities of the parties would be determined under Virginia law. *See id.* Although the decision applied the substantive law of Virginia, the procedural matters were controlled by the law of North Carolina. *See id.* The Court in *Parsons* did not expressly expand the jurisdiction of the Industrial Commission to hear claims brought under Virginia law, absent the application of *lex loci. See id.* In fact, the issue was not raised. We do not believe that *Parsons* can be read to expand the jurisdiction of the Commission to tort claims based entirely on federal law, particularly where, as here, the basis for liability (comparative negligence under the Jones Act) is inconsistent with state law. Under these circumstances, we do not

believe that *Parsons* or the express language of the Tort Claims Act supports such jurisdiction. *See id.*

We agree with plaintiff that the Tort Claims Act does not specifically prohibit Jones Act claims. However, as we have noted, the General Assembly must specifically waive sovereign immunity before one can pursue a claim against an agency of the State. *See, e.g., Turner v. Board of Education*, 250 N.C. 456, 109 S.E.2d 211 (1959). The Supreme Court stated in *Orange County v. Heath* that:

> As we understand the rule relating to the immunities attaching to sovereignty, such attributes are never to be considered as waived or surrendered by any inference or implication. The surrender of an attribute of sovereignty being so much at variance with the commonly accepted tenets of government, so much at variance with sound public policy and public welfare, the Courts will never say that it has been abrogated, abridged, or surrendered, except in deference to plain, positive legislative declarations to that effect.

*Orange County v. Heath*, 282 N.C. 292, 296, 192 S.E.2d 308, 310-11 (1972) (internal quotations and citations omitted)).

We also believe that plaintiff's reliance upon *Welch v. Texas Dept. of Highways & Public Transp.*, 483 U.S. 468, 97 L. Ed. 2d 389 (1987) is inapposite. In *Welch*, the plaintiff, an employee of the Texas Department of Highways and Public Transportation, was injured on a automobile and passenger ferry dock. *See id.* at 471, 97 L. Ed. 2d. at 394. She filed suit under the Jones Act against the state of Texas in federal district court. *See id.* at 471, 97 L. Ed. 2d. at 394-95. The District Court for the Southern District of Texas dismissed the claim as barred by the Eleventh Amendment, and the Fifth Circuit Court of Appeals subsequently affirmed. *See id.* at 471, 97 L. Ed. 2d at 395. Although the United States Supreme Court subsequently affirmed the dismissal from federal court, it declined to consider the question of whether the Texas Tort Claims Act waived the state's sovereign immunity. *See id.* at 474, 97 L. Ed. 2d. at 397. Plaintiff argues that by not addressing the issue, the United States Supreme Court implied that states might be subject to suit in state court by private parties bringing claims based on the Jones Act. We do not agree, and the United States Supreme Court has recently addressed the issue in *Federal Maritime Com. v. SCSPA*, 535 U.S. ——, 152 L. Ed. 2d 962 (2002). There, the United States Supreme Court held that "even when the Constitution vests in Congress complete lawmaking authority

**MIDGETT v. N.C. DEP'T OF TRANSP.**

[152 N.C. App. 666 (2002)]

over a particular area, the Eleventh Amendment prevents congressional authorization of suits by private parties against unconsenting States." *Id.* at ——, 152 L. Ed. 2d at 982 (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 72, 134 L. Ed. 2d 252, 277 (1996)). In *Alden v. Maine*, 527 U.S. 706, 144 L. Ed. 2d 636 (1999), where the Supreme Court similarly held that sovereign immunity shields States from private suits in state courts pursuant to federal causes of action, the Court further held that statutory waiver of immunity to some claims did not constitute consent to suit in all cases. "To the extent [a State] has chosen to consent to certain classes of suits while maintaining its immunity from others, it has done no more than exercise a privilege of sovereignty concomitant to its constitutional immunity from suit." *See id.* at 758, 144 L. Ed. 2d at 680-81.

Further, as stated by the North Carolina Supreme Court in *Orange County v. Heath*, even if the Court had implied that states could waive immunity to Jones Act claims in state court, such an implication would not be sufficient to waive the State's immunity in this case. *See Orange County*, 282 N.C. at 296, 192 S.E.2d at 310-11. The Court stated that

> [t]he State and its governmental units cannot be deprived of the sovereign attributes of immunity except by a clear waiver by the lawmaking body. The concept of sovereign immunity is so firmly established that it should not and cannot be waived by indirection or by procedural rule. Any such change should be by plain, unmistakable mandate of the lawmaking body.

*Id.* at 296, 192 S.E.2d at 310. Here, the General Assembly did not by "plain, unmistakable mandate" waive the State's immunity to suit under the Jones Act in a tort claim. The Industrial Commission therefore lacked jurisdiction, and properly dismissed the plaintiff's claim.

Defendants also argued in the Industrial Commission and in their brief to this Court that this claim is barred by the exclusive remedy provisions of the Workers' Compensation Act. *See* N.C. Gen. Stat. §97-10.1 (2001). Because of our holding on sovereign immunity, we do not reach this issue.

Affirmed.

Judges GREENE and BIGGS concur.