IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-893-2

Filed 20 February 2024

North Carolina Industrial Commission, No. TA-29098

JERMOND WILLIAMS, Plaintiff,

v.

CHARLOTTE-MECKLENBURG SCHOOLS BOARD OF EDUCATION, Defendant.

Appeal by Defendant from order entered 14 July 2022 by the North Carolina Industrial Commission. Originally heard in the Court of Appeals 11 April 2023. Petition for rehearing granted 18 December 2023.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Carl Newman, for Defendant-Appellant.*

*Jermond Williams, Pro Se Plaintiff-Appellee.*

CARPENTER, Judge.

The Charlotte-Mecklenburg Schools Board of Education (the "Board") appealed from the North Carolina Industrial Commission's (the "Commission's") denial of the Board's motion for summary judgment. On appeal, the Board argued that the Commission erred by finding waiver of sovereign immunity and denying the Board's motion for summary judgment. In a published opinion, we affirmed the Commission's denial of summary judgment. After granting the Board's petition for rehearing and upon additional review, we agree with the Board. Accordingly, we reverse the

Commission's denial of summary judgment.

## I.      Factual & Procedural Background

On 10 March 2020, Governor Roy Cooper issued Executive Order 116 and declared a state of emergency because of the Covid-19 pandemic. On 14 March 2020, Governor Cooper issued Executive Order 117, which closed North Carolina schools and ordered "the North Carolina Department of Public Instruction . . . to implement measures to provide for the health, nutrition, safety, educational needs and well-being of children during the school closure period." Governor Cooper then issued Executive Order 169, which extended these provisions through 23 October 2020.

On 22 October 2020, Gerald Rand, a bus driver for the Board, drove a public-school bus for the sole purpose of delivering meals to remote-learning students. That day, Rand's school bus collided with Jermond Williams' ("Plaintiff's") parked car in Charlotte, North Carolina. On 7 January 2021, under North Carolina's Tort Claims Act (the "TCA"), Plaintiff filed a property-damage claim before the Commission against the Board. After discovery, the Board moved for summary judgment based on sovereign or governmental immunity.[1] Specifically, the Board argued that it maintained immunity because Rand, under the North Carolina Emergency

---

[1] Here, the Board is a county agency. Therefore, the applicable immunity is more precisely labeled "governmental immunity." *See Irving v. Charlotte-Mecklenburg Bd. of Educ.*, 368 N.C. 609, 611, 781 S.E.2d 282, 284 (2016). The distinction, though, is immaterial, as "this claim implicates sovereign immunity because the State is financially responsible for the payment of judgments against local boards of education for claims brought pursuant to the Tort Claims Act . . . ." *See id.* at 611, 781 S.E.2d at 284.

Management Act (the "EMA"), was performing an emergency-management activity during the incident. The Board argued the EMA explicitly maintains immunity for such incidents. In other words, the Board acknowledged that the TCA and the EMA conflict concerning waiver of immunity, but the Board argued that the EMA controls.

A deputy commissioner denied the Board's motion for summary judgment, and the Board timely appealed to the full Commission. On 14 July 2022, the full Commission panel agreed that the EMA conflicts with the TCA concerning waiver of sovereign immunity for school-bus claims. Nevertheless, the full Commission denied the Board's request for a full-panel review because the Board did not meet "its burden of showing that it would be deprived of a substantial right." On 15 August 2022, the Board timely appealed to this Court.

On 17 October 2023, we issued an opinion, *Williams v. Charlotte-Mecklenburg Schools Board of Education*, ___ N.C. App. ___, 893 S.E.2d 885, 888–90 (2023), affirming the Commission's denial of summary judgment because a material question of fact remained. On 21 November 2023, the Board filed a petition for rehearing, arguing that we should reconsider our holding. On 18 December 2023, we granted the Board's petition for rehearing.

## II.    Jurisdiction

As an initial matter, we must consider whether this Court has jurisdiction over an interlocutory order from the Commission. Under section 143-293, we conclude that we do. *See* N.C. Gen. Stat. § 143-293 (2021); *Cedarbrook Residential Ctr., Inc. v.*

*N.C. Dep't of Health & Hum. Servs.*, 383 N.C. 31, 44, 881 S.E.2d 558, 568–69 (2022) (acknowledging appellate jurisdiction of an interlocutory appeal from the Commission's denial of a motion to dismiss a TCA claim because the appeal involved a substantial right). As we typically lack jurisdiction to address interlocutory appeals from the Commission, we will detail why we have jurisdiction over this case.

Appeals from the Commission are made "under the same terms and conditions as govern ordinary appeals in civil actions." N.C. Gen. Stat. § 143-293. Therefore, our analysis begins with the premise that, as in ordinary civil appeals, there generally is "no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). Similarly, this Court lacks jurisdiction over interlocutory appeals from the Commission. *See* N.C. Gen. Stat. § 7A-29 (2021); *Vaughn v. N.C. Dep't of Hum. Res.*, 37 N.C. App. 86, 89, 245 S.E.2d 892, 894 (1978) (citing N.C. Gen. Stat. § 7A-29) ("No appeal lies from an interlocutory order of the Industrial Commission.").

There is an exception to this rule, however, when an interlocutory appeal affects a "substantial right." *Sharpe v. Worland*, 351 N.C. 159, 161–62, 522 S.E.2d 577, 579 (1999) (stating that North Carolina's appellate courts have jurisdiction over interlocutory appeals that affect a substantial right). A "[d]enial of a summary judgment motion is interlocutory and ordinarily cannot be immediately appealed." *Craig v. New Hanover Cnty. Bd. of Educ.*, 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009). But "the denial of summary judgment on grounds of sovereign immunity is

- 4 -

immediately appealable, though interlocutory, because it represents a substantial right . . . ." *Id.* at 338, 678 S.E.2d at 354.

Here, this case involves a TCA claim, and the Board appeals from the denial of summary judgment based on sovereign immunity. Because "the denial of summary judgment on grounds of sovereign immunity" affects a "substantial right," this Court has jurisdiction. *See id.* at 338, 678 S.E.2d at 354; N.C. Gen. Stat. § 143-293; *Cedarbrook Residential*, 383 N.C. at 44, 881 S.E.2d at 568–69. Thus, despite our general rule against hearing interlocutory appeals, this Court has jurisdiction in this case under section 143-293.

## III.    Issue

The issue is whether the Commission erred in denying the Board's motion for summary judgment.

## IV.    Standard of Review

We review summary judgment denials de novo. *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008). Under a de novo review, this Court "'considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008) (quoting *In re Greens of Pine Glen, Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)).

## V.    Analysis

The Board argues that the Commission erred in finding waiver of sovereign immunity and denying the Board's motion for summary judgment. After careful review, we agree.

Summary judgment is appropriate when "there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2021). Concerning summary judgment, courts "must view the presented evidence in a light most favorable to the nonmoving party." *Dalton v. Camp*, 353 N.C. 647, 651, 548 S.E.2d 704, 707 (2001). Indeed, "[s]ince this rule provides a somewhat drastic remedy, it must be used with due regard to its purposes and a cautious observance of its requirements in order that no person shall be deprived of a trial on a genuine disputed factual issue." *Kessing v. Nat'l Mortg. Corp.*, 278 N.C. 523, 534, 180 S.E.2d 823, 830 (1971).

Generally, "[u]nder the doctrine of sovereign immunity, the State is immune from suit absent waiver of immunity." *Meyer v. Walls*, 347 N.C. 97, 104, 489 S.E.2d 880, 884 (1997) (citing *Gammons v. N.C. Dep't of Hum. Res.,* 344 N.C. 51, 54, 472 S.E.2d 722, 723 (1996)). "The State and its governmental units cannot be deprived of the sovereign attributes of immunity except by a plain, unmistakable mandate of the [General Assembly]." *Orange Cnty. v. Heath*, 282 N.C. 292, 296, 192 S.E.2d 308, 310 (1972). Further, "statutes waiving this immunity, being in derogation of the sovereign right to immunity, must be strictly construed." *Guthrie v. N.C. State Ports Auth.*, 307 N.C. 522, 537–38, 299 S.E.2d 618, 627 (1983); *see also Irving v. Charlotte-*

*Mecklenburg Bd. of Educ.*, 368 N.C. 609, 610–11, 781 S.E.2d 282, 283–84 (2016) (holding that, although the TCA applies to school buses, activity buses are "not incorporated into the waiver of immunity contemplated by the [TCA]").

The TCA "provides a limited waiver of immunity and authorizes recovery against the State for negligent acts of its 'officer[s], employee[s], involuntary servant[s] or agent[s].'" *White v. Trew*, 366 N.C. 360, 363, 736 S.E.2d 166, 168 (2013) (quoting N.C. Gen. Stat. § 143-291(a)). Specifically, the State has waived immunity for claims that are the "result of any alleged negligent act or omission of the driver" of a public-school bus. N.C. Gen. Stat. § 143-300.1(a) (2021).

Under the EMA, however, "[n]either the State nor any political subdivision thereof . . . shall be liable for the death of or injury to persons, or for damage to property as a result of any [emergency-management] activity." N.C. Gen. Stat. § 166A-19.60(a) (2021). "Emergency management" includes "[t]hose measures taken by the populace and governments at federal, State, and local levels to minimize the adverse effects of any type of emergency, which includes the never-ending preparedness cycle of planning, prevention, mitigation, warning, movement, shelter, emergency assistance, and recovery." *Id.* § 166A-19.3(8). School buses may be used for "emergency management" purposes. N.C. Gen. Stat. § 115C-242(6) (2021).

Here, Rand, as a state employee during a state of emergency, drove a public-school bus to deliver food to students during the Covid-19 pandemic. During his delivery route, Rand collided with Plaintiff's parked vehicle, and under the TCA,

Plaintiff sued the Board, the owner of the school bus. These are the material facts, and the parties do not dispute them. Therefore, either Plaintiff or the Board is entitled to judgment as a matter of law.[2] *See* N.C. Gen. Stat. § 1A-1, Rule 56(c).

School buses may be used for "emergency management" purposes, and delivering meals to remote students during the pandemic was such a purpose because doing so "minimize[d] the adverse effects" of the emergency by providing food to students who might otherwise go hungry. *See* N.C. Gen. Stat. § 166A-19.3(8).

The question now before us is whether the Board is immune to suits stemming from Rand's alleged negligence during the emergency-management activity. We start with the premise that, generally, the Board is immune. *See Meyer*, 347 N.C. at 104, 489 S.E.2d at 884. And we acknowledge that the TCA clearly waived immunity for school-bus accidents. *See* N.C. Gen. Stat. § 143-300.1(a). That clarity, however, faded with the passage of the EMA. *See* N.C. Gen. Stat. § 166A-19.60(a) (conflicting with the TCA by stating that "[n]either the State nor any political subdivision thereof . . .

---

[2] In our initial opinion, we affirmed the Commission's denial of summary judgment because a material question of fact remained: whether the "bus" driven by Rand was actually a "school bus." *See Williams*, ___ N.C. App. at ___, 893 S.E.2d at 888–89. Upon further review, we conclude that "there is no genuine issue as to" whether Rand's bus was a school bus. *See* N.C. Gen. Stat. § 1A-1, Rule 56(c). Any dispute over the label of the bus is immaterial because if the bus was something other than a school bus, like an activity bus, the Commission lacked jurisdiction to hear this case. *See Irving*, 368 N.C. at 610–11, 781 S.E.2d at 283–84. Therefore, either the Commission had jurisdiction, and the Board was immune to suit, *see Heath*, 282 N.C. at 296, 192 S.E.2d at 310; N.C. Gen. Stat. § 166A-19.60(a), or the Commission lacked jurisdiction, *see Irving*, 368 N.C. at 610–11, 781 S.E.2d at 283–84. Either way, summary judgment was appropriate. *See* N.C. Gen. Stat. § 1A-1, Rule 56(c).

shall be liable for the death of or injury to persons, or for damage to property as a result of any [emergency-management] activity").

The TCA waived sovereign immunity, *see Heath*, 282 N.C. at 296, 192 S.E.2d at 310, but the EMA created a caveat concerning emergency-management activity, *see* N.C. Gen. Stat. § 166A-19.60(a). In other words, school boards may be sued in tort concerning school-bus accidents, generally, but school boards may not be sued concerning school-bus accidents if the bus is being used for an emergency-management purpose at the time of the accident. *See Heath*, 282 N.C. at 296, 192 S.E.2d at 310; *Guthrie*, 307 N.C. at 537–38, 299 S.E.2d at 627; N.C. Gen. Stat. § 166A-19.60(a). We so hold because waiver of sovereign immunity requires an "unmistakable mandate," and the EMA erases such a mandate in cases like this. *See Heath*, 282 N.C. at 296, 192 S.E.2d at 310; *Guthrie*, 307 N.C. at 537–38, 299 S.E.2d at 627; N.C. Gen. Stat. § 166A-19.60(a).

Therefore, the Commission erred by denying the Board's motion for summary judgment because the Board is immune from suit in this case. *See Heath*, 282 N.C. at 296, 192 S.E.2d at 310; *Guthrie*, 307 N.C. at 537–38, 299 S.E.2d at 627; N.C. Gen. Stat. § 166A-19.60(a).

## VI.    Conclusion

We hold the Commission erred in denying the Board's motion for summary judgment because the Board is immune from suit from school-bus accidents when the

bus is used for emergency-management purposes. *See* N.C. Gen. Stat. § 166A-19.60(a). Accordingly, we reverse.

REVERSED.

Judges ZACHARY and MURPHY concur.