JANE RICH AND VICKY KIM RICH, BY HER GUARDIAN AD LITEM,
GEORGE F. TAYLOR v. CITY OF GOLDSBORO

No. 65

(Filed 13 December 1972)

1. Municipal Corporations § 12— governmental immunity — governmental
   and proprietary functions

   Generally a municipal corporation is immune to suit for negli-
   gence of its agents in the performance of its governmental functions;
   however, a city may be liable if the injury occurs while the agents of
   the city are performing a proprietary rather than a governmental
   function.

2. Municipal Corporations § 12— special corporate benefit — pecuniary
   profit — governmental immunity waived

   In order to deprive a municipal corporation of the benefit of
   governmental immunity, the act or function must involve special
   corporate benefit or pecuniary profit inuring to the municipality.

3. Municipal Corporations § 18— operation of parks — governmental
   function

   A city in operating its parks and playgrounds for the benefit
   of the public is acting in its proper governmental capacity.

4. Municipal Corporations § 18— operation of park — incidental income —
   no waiver of governmental immunity

   Where defendant received a donation of $1200 from operation of
   a train in the park in which plaintiff was injured and such amount
   constituted less than one percent of the operating costs, the trial court
   properly concluded that the donation was incidental income, totally
   insufficient to support a conclusion the defendant was operating the
   park as a proprietary or business venture and had therefore waived
   its governmental immunity against a suit for personal injuries.

5. Municipal Corporations §§ 12, 18— liability insurance obtained by
   municipal corporation — inapplicability to playground equipment

   G.S. 160-191.1 (now 160A-485) providing that municipalities may
   waive their right to claim governmental immunity for the negligent
   acts of their agents in the operation of motor vehicles to the extent
   of liability insurance obtained therefor does not cover maintenance
   of playground equipment and would not apply in an action by a
   plaintiff injured in a fall from a defective seesaw in a park main-
   tained by defendant city.

ON *certiorari* to the Court of Appeals to review its decision
filed August 2, 1972, reversing the summary judgment entered
in the Superior Court of WAYNE County dismissing the action.

The plaintiff, Vicky Kim Rich, a minor, by her personal representative, and Jane Rich, her mother, instituted this civil action in the Superior Court of Wayne County to recover $15,000.00 damages and $1,084.65 cost of medical treatment for injuries sustained by Vicky Kim Rich as a result of a fall from a seesaw board in Herman Park operated by the City of Goldsboro as a public playground.

The plaintiffs' verified complaint (to which no answer was filed) alleged the City of Goldsboro maintained within its borders a recreational area known as Herman Park. As a part of the playground equipment, the area contained a seesaw board which it had permitted to become worn and wobbly. According to plaintiffs' allegations, the city negligently failed to provide handholds or stabilizing devices and as a result of the failure, the minor plaintiff was thrown from the board and injured. The plaintiff's mother spent $1,084.65 for her daughter's necessary medical treatment.

The complaint further alleged that the City of Goldsboro had in force a policy of liability insurance to indemnify the city against liability resulting from the use of the playground. However, the city's answer to the interrogatories disclosed that the City of Goldsboro carried a general liability insurance policy, but the policy did not cover the playground equipment.

The Goldsboro Director of Finance, in response to the plaintiffs' interrogatories, certified the recreational program cost the city the sum of $167,912.66 for the year in which the plaintiff sustained her injuries. The City of Goldsboro donated $145,817.00. The County of Wayne donated $5,000.00. A few other donations for special equipment amounted to about $16,000.00. The report disclosed that during the fiscal year the only revenue of any kind derived by the city from any activities in Herman Park was $1,200.00 donated by the Kiwanis Club of Goldsboro, which sum represented one-half the net profits the Club received from operating a Kiddie Train in the park. The Kiwanis Club made a charge for rides on the train, but there was no charge for any other activity in Herman Park.

The City of Goldsboro, without answering, filed a motion for summary judgment that the action be dismissed upon the ground it appears from the pleadings, affidavits, and interrogatories that the playground and its equipment were provided by the City of Goldsboro in its governmental capacity and not as

a proprietary or business enterprise and the defendant city, therefore, is immune from suit.

At the conclusion of the hearing in the superior court, Judge Cowper found, "(T)here is no genuine issue of fact to be submitted to the trial court . . . that the Defendant is entitled to judgment as a matter of law, . . ." The court entered summary judgment dismissing the action. On the plaintiffs' appeal, the Court of Appeals reversed the judgment of the superior court, 15 N.C. App. 534, 190 S.E. 2d 229. Our writ of certiorari brought the case here for further review.

*Sasser, Duke and Brown by John E. Duke and J. Thomas Brown, Jr.*

*Herbert B. Hulse for plaintiff appellees.*

*Taylor, Allen, Warren & Kerr by John H. Kerr III for defendant appellant.*

HIGGINS, Justice.

[1] This case involves the legal question whether Goldsboro is liable in damages for the negligent acts of its officers or agents in failing to inspect, discover defects, and keep in good repair the playground equipment in Herman Park, the city's public playground. In determining liability, the Court is confronted with the well established rule that generally a municipal corporation is immune to suit for negligence of its agents in the performance of its governmental functions. However, the rule is subject to this modification: A city may be liable if the injury occurs while the agents of the city are performing a proprietary rather than a governmental function. *Orange County v. Heath,* 282 N.C. 292, 192 S.E. 2d 308; *Koontz v. Winston-Salem,* 280 N.C. 513, 186 S.E. 2d 897; *Steelman v. New Bern,* 279 N.C. 589, 184 S.E. 2d 239; *Galligan v. Chapel Hill,* 276 N.C. 172, 171 S.E. 2d 427; *Glenn v. Raleigh,* 248 N.C. 378, 103 S.E. 2d 482; *Glenn v. Raleigh,* 246 N.C. 469, 98 S.E. 2d 913.

The Court of Appeals, as authority for reversing the judgment of the superior court, relied on a statement in *White v. Charlotte,* 211 N.C. 186, 189 S.E. 492. The statement is repeated in *Glenn v. Raleigh* (246 N.C. 469) intimating that a suit may be maintained against the city for injuries arising out of the negligent maintenance of playground equipment in a city's public park. Actually, in *White v. Charlotte, supra,* the plaintiff

sued for damages resulting from the wrongful death of the plaintiff's intestate who fell or was thrown from a defective swing in a city park. Judgment of nonsuit was entered in the superior court and notwithstanding the statement, this Court affirmed the nonsuit. The authority for the above statement cited in White, is *Fisher v. New Bern*, 140 N.C. 506, 53 S.E. 342. In Fisher this Court was discussing the liability of a city for injuries caused by the agents of the city's Water and Light Commission performing proprietary functions for which the city received income. The Court said: "If, as in cities and towns, they have both governmental and business corporate powers conferred, their liability to suits for the torts of their servants and agents depends upon the sphere of activity in which the wrong complained of is committed."

[2] This Court has held *(Glenn v. Raleigh,* 246 N.C. 469) that: "In order to deprive a municipal corporation of the benefit of governmental immunity, the act or function must involve special corporate benefit or pecuniary profit inuring to the municipality."

[3] This Court has also held that a city, in operating its parks and playgrounds for the benefit of the public, is acting in its proper governmental capacity. *Atkins v. Durham,* 210 N.C. 295, 186 S.E. 330, citing many cases.

The evidence in the cases of *Glenn v. Raleigh, supra,* showed the city received income from park charges amounting to 11% of the entire operating cost. In Koontz, the city received revenue equaling 9½% of the entire cost of operating the landfill.

[4] In the case now under review, the City of Goldsboro received from the Kiwanis Club the sum of $1,200.00 which was less than one percent of the operating costs. The trial court properly concluded the Kiwanis Club's donation was incidental income, totally insufficient to support a conclusion the city was operating Herman Park as a proprietary or business venture.

In *Glenn v. Raleigh* (246 N.C. 469) the superior court entered judgment for the plaintiff and this Court, finding error in the charge, granted a new trial. On the second hearing, the evidence disclosed that the City of Raleigh, during the year of Glenn's injury, received from Pullen Park revenue amounting to $18,531.14 and the total outlay for the year in operating Pullen Park was $25,135.00. Based upon the ground the income

was of sufficient financial advantage to the city to constitute the operation of Pullen Park a proprietary rather than a governmental operation, the holding withdrew from the City of Raleigh the right to claim the benefit of governmental immunity. The holding in Glenn was based upon the fact the evidence showed the city operated the park as a business enterprise rather than in the governmental capacity of providing recreation for its citizens.

In discussing a city's liability for negligently inflicting injury, this Court in *James v. Charlotte,* 183 N.C. 630, 112 S.E. 423, said:

"Again it is insisted that the city is not protected from liability in this instance because it charges a fee for removal of garbage, but the position is without merit. True . . . where a municipal corporation enters into the business of selling light and power . . . for profit, they are not regarded as being in the exercise of governmental functions, and under proper circumstances may be held to civil liability . . . ."

"But the principle invoked has no application where, as in this instance, the city merely makes a charge covering actual expense . . . ."

In the action now under review, the receipt of $1,200.00 donated by the Kiwanis Club as one-half of its profits in operating the Kiddie Train must be classed as "incidental income," insufficient to constitute a waiver of Goldsboro's governmental immunity against suit. *Hamilton v. Hamlet,* 238 N.C. 741, 78 S.E. 2d 770; *Stephenson v. Raleigh,* 232 N.C. 42, 59 S.E. 2d 195.

Although the doctrine of governmental immunity has been under attack and has been abandoned in some states, nevertheless, the doctrine still prevails in North Carolina except in limited instances not applicable to this case. For a full discussion, see *Steelman v. New Bern, supra.*

[5] The Legislature has provided by G.S. 160-191.1 (now 160A-485) that towns and cities may, by obtaining liability insurance to the extent thereof, waive their right to claim governmental immunity for the negligent acts of their agents *in the operation of motor vehicles.* Even though the City of Goldsboro may have general liability insurance, the statute authorizes a waiver

only in actions involving the operation of motor vehicles. The waiver does not cover maintenance of playground equipment. Neither Koontz nor Glenn, nor any other case, furnishes authority for holding the City of Goldsboro waived its immunity from suit on the basis of a $1,200.00 donation made by the Kiwanis Club from its receipts for fares on a Kiddie Train which the Club operated in the city's park.

The Superior Court of Wayne County was correct in entering summary judgment for the city, dismissing the action on the ground that Goldsboro has not waived its governmental immunity. On the motion for summary judgment, the trial court properly considered the pleadings, affidavits, answers to interrogatories, and documentary evidence. In such instances where no real issue of fact is involved, summary judgment is proper. *Koontz v. Winston-Salem, supra.*

The decision of the North Carolina Court of Appeals is

Reversed.