JERRY OWEN, Plaintiff v. HAYWOOD COUNTY, HAYWOOD BOARD OF COMMISSIONERS, HAYWOOD COUNTY SHERIFF'S DEPARTMENT, SHERIFF TOM ALEXANDER, MIKE SHULER, MARK WILLIAMS, Defendants

No. COA09-929

(Filed 20 July 2010)

**1. Appeal and Error— interlocutory orders and appeals— defense of sovereign immunity—substantial right**

Defendant deputy sheriffs' appeal from an interlocutory order denying their motion for summary judgment affected a substantial right and was immediately appealable based on their assertion of the defense of sovereign immunity.

**2. Immunity— deputy sheriffs—liability insurance—sovereign immunity defense excluded from coverage—summary judgment**

The trial court erred by denying defendant deputy sheriffs' motion for summary judgment on the basis of sovereign immunity. Defendants' insurance policy expressly excluded coverage

———

for claims for which the defense of sovereign immunity would be applicable, and plaintiff's action was against defendants in their official capacities only.

Appeal by defendants from order entered 15 June 2009 by Judge Laura J. Bridges in Haywood County Superior Court. Heard in the Court of Appeals 2 December 2009.

*McLean Law Firm, P.A., by Russell L. McLean, III and Lisa A. Kosir, for plaintiff-appellee.*

*Womble Carlyle Sandridge & Rice, by Scott D. MacLatchie, for defendant-appellants Tom Alexander, Mike Shuler, and Mark Williams.*

STEELMAN, Judge.

Where defendants' insurance policy expressly excludes coverage for claims for which the defense of sovereign immunity would be applicable, the trial court erred by denying defendants' motion for summary judgment on that basis.

## I. Factual and Procedural Background

On 14 April 2008, Jerry Owen (plaintiff) filed a complaint that alleged the following: on 18 April 2006, plaintiff was at the Haywood County Sheriff's Department attempting to secure warrants on certain individuals whom he alleged had entered his property and held his family at gun point. While plaintiff was at the Sheriff's Department, Deputy Sheriffs Mike Shuler (Shuler), Mark Williams (Williams), and a Deputy unknown to plaintiff, approached plaintiff and requested that he step outside of the building where they would discuss these matters further. Plaintiff alleged that while they were standing at the entrance to the facility, Shuler and the unknown Deputy jerked plaintiff's arm, pulled it around to his back, placed plaintiff in an arm lock position, and slammed him up against the wall. Plaintiff alleged this injured his arm and rotator cuff. Plaintiff was escorted into the building by Shuler and Williams, and was placed under arrest for unlawfully and willfully resisting, delaying, and obstructing Shuler in the performance of his duty, and assault on a government official. The charges were subsequently dismissed.

Plaintiff's complaint alleged nine causes of action against Shuler and Williams in their official capacities only: (1) assault by Shuler; (2) abuse of process by Shuler; (3) assault by Williams; (4) abuse of

process by Williams; (5) false arrest; (6) malicious prosecution by Shuler; (7) malicious prosecution by Williams; (8) compensatory damages; and (9) punitive damages. Plaintiff alleged that Sheriff Tom Alexander (Alexander), the Haywood County Sheriff's Department, and Haywood County were all liable for the complained of conduct based upon *respondeat superior*. On 15 May 2008, Alexander, Shuler, and Williams (collectively, defendants)[1] filed an answer denying the material allegations of plaintiff's complaint and raising seven affirmative defenses, including that the action was barred by sovereign immunity. On 17 September 2008, defendants moved for summary judgment based upon sovereign immunity. On 15 June 2009, defendants' motion was denied. Defendants appeal.

## II. Interlocutory Nature of Appeal

[1] Generally, a moving party may not appeal the denial of a motion for summary judgment because ordinarily such an order is interlocutory and does not affect a substantial right. *Bockweg v. Anderson*, 333 N.C. 486, 490, 428 S.E.2d 157, 160 (1993). "However, when the motion is made on the grounds of sovereign and qualified immunity, such a denial is immediately appealable, because to force a defendant to proceed with a trial from which he should be immune would vitiate the doctrine of sovereign immunity." *Smith v. Phillips*, 117 N.C. App. 378, 380, 451 S.E.2d 309, 311 (1994) (citation omitted). In the instant case, defendants have asserted the defense of sovereign immunity and, thus, their appeal is properly before this Court.

## III. Standard of Review

The standard of review on a trial court's ruling on a motion for summary judgment is *de novo*. *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007). The entry of summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2009). "All inferences of fact from the proofs offered at the hearing must be drawn against the movant and in favor of the party opposing the motion." *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989) (citation omitted). Summary judgment is proper when "an essential element of the opposing

---

1. The record on appeal does not contain any pleadings filed by Haywood County, Haywood Board of Commissioners, or Haywood County Sheriff's Department. Nor does the record indicate whether there was a voluntary or involuntary dismissal of these named defendants.

party's claim does not exist, cannot be proven at trial, or would be barred by an affirmative defense . . . ." *Dobson v. Harris*, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000) (citation omitted).

## IV. Sovereign Immunity

[2] In their sole argument, defendants contend that the trial court erred by denying their motion for summary judgment on the basis of sovereign immunity. We agree.

"The doctrine of sovereign immunity generally bars recovery in actions against deputy sheriffs sued in their official capacity. A county may waive sovereign immunity by purchasing liability insurance, but only to the extent of coverage provided." *Cunningham v. Riley*, 169 N.C. App. 600, 602, 611 S.E.2d 423, 424 (citations omitted), *disc. review denied and appeal dismissed*, 359 N.C. 850, 619 S.E.2d 405 (2005), *cert. denied*, 546 U.S. 1142, 163 L. Ed. 2d 1008 (2006). "Waiver of sovereign immunity may not be lightly inferred and State statutes waiving this immunity, being in derogation of the sovereign right to immunity, must be strictly construed." *Guthrie v. State Ports Authority*, 307 N.C. 522, 537-38, 299 S.E.2d 618, 627 (1983) (citations omitted); *see also Orange County v. Heath*, 282 N.C. 292, 296, 192 S.E.2d 308, 310 (1972) ("The State and its governmental units cannot be deprived of the sovereign attributes of immunity except by a clear waiver by the lawmaking body."). A plaintiff that has brought claims against a governmental entity and its employees acting in their official capacities must allege and prove that the officials have waived their sovereign immunity or otherwise consented to suit. *Sellers v. Rodriguez*, 149 N.C. App. 619, 623, 561 S.E.2d 336, 339 (2002).

In the instant case, it is undisputed that a liability insurance policy for the Haywood County Sheriff's Department was in effect on 18 April 2006. The "Law Enforcement Liability Coverage" stated:

> The Pool will pay on behalf of the Covered Person all sums which the Covered Person shall become legally obligated to pay as money damages because of an Occurrence which results in personal injury, bodily injury, or property damage and occurring while a Covered Person is acting within the course and scope of the Covered Person's duties to provide law enforcement.

"Covered Person" is defined as, *inter alia*:

> each individual law enforcement officer or other employee of such department who is officially employed to engage in law

enforcement duties, but only while acting within the course and scope of the official pursuits of the law enforcement department or other Pool approved activities for claims *brought against him/her in his/her individual capacity.*

(Emphasis added). The insurance policy also includes the following exclusion: "Section VI (Law Enforcement Liability Coverage) of this Contract does not apply to any claim as follows: 1. any claim, demand, or cause of action against any Covered Person as to which the Covered Person is entitled to sovereign immunity or governmental immunity under North Carolina law."

The dispositive issue in this case is whether the exclusionary provision bars plaintiff's action. In *Patrick v. Wake Cty. Dep't of Human Servs.*, 188 N.C. App. 592, 655 S.E.2d 920 (2008), this Court examined a similar exclusion in a liability insurance policy. In *Patrick*, the plaintiff filed a complaint against the defendants in their official capacities as supervisors of the Child Protective Services of the Wake County Department of Human Services. *Id.* at 593, 655 S.E.2d at 922. The defendants acknowledged the purchase of liability insurance, but argued that the policy excluded coverage for claims for which sovereign immunity was a defense. *Id.* at 596, 655 S.E.2d at 922. The insurance policy at issue contained the following exclusion: "this policy provides coverage only for occurrences or wrongful acts for which the defense of governmental immunity is clearly not applicable or for which, after the defense[] is asserted, a court of competent jurisdiction determines the defense of governmental immunity not to be applicable." *Id.* at 596, 655 S.E.2d at 923 (emphasis omitted).

> "If the language in an exclusionary clause contained in a policy is ambiguous, the clause is 'to be strictly construed in favor of coverage.'" *Daniel v. City of Morganton*, 125 N.C. App. 47, 53, 479 S.E.2d 263, 267 (1997) (quoting *State Auto. Mut. Ins. Co. v. Hoyle*, 106 N.C. App. 199, 201-02, 415 S.E.2d 764, 765, *disc. rev. denied*, 331 N.C. 557, 417 S.E.2d 803 (1992)). "If the meaning of the policy is clear and only one reasonable interpretation exists, the courts must enforce the contract as written; they may not, under the guise of construing an ambiguous term, rewrite the contract or impose liabilities on the parties not bargained for and found therein."

*Id.* at 596-97, 655 S.E.2d at 924. We held that the exclusionary provision in *Patrick* was clear and unambiguous, and that based upon that

provision the defendants had not waived sovereign immunity through the purchase of the policy. *Id.* at 597, 655 S.E.2d at 924.

Recently, in *Estate of Earley v. Haywood Cty. Dep't of Soc. Servs.*, this Court followed the holding and analysis in *Patrick*, and upheld a similar exclusionary clause:

> We acknowledge the arguably circular nature of the logic employed in *Patrick.* The facts are that the legislature explicitly provided that governmental immunity is waived to the extent of insurance coverage, but the subject insurance contract eliminates any potential waiver by excluding from coverage claims that would be barred by sovereign immunity. Thus, the logic in *Patrick* boils down to: Defendant retains immunity because the policy doesn't cover his actions and the policy doesn't cover his actions because he explicitly retains immunity. Nonetheless in this case, as in *Patrick*, where the language of both the applicable statute and the exclusion clause in the insurance contract are clear, we must decline Plaintiff's invitation to implement "policy" in this matter. Any such policy implementation is best left to the wisdom of our legislature.

204 N.C. App. 338, 343, 694 S.E.2d 405, 409-10 (June 1, 2010) (No. COA09-1558).

The exclusionary provision in the instant case is materially indistinguishable from the provisions in *Patrick* and *Estate of Early.* We are therefore bound by this Court's prior holdings. *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). Because plaintiff's action was against defendants in their official capacities only, plaintiff's claims are barred. *See Patrick*, 188 N.C. App. at 596, 655 S.E.2d at 923 ("A governmental entity does not waive sovereign immunity if the action brought against them is excluded from coverage under their insurance policy."). The trial court erred in denying defendants' motion for summary judgment on the basis of sovereign immunity.

REVERSED.

Judges McGEE and STEPHENS concur.