**HORNE v. TOWN OF BLOWING ROCK**

[223 N.C. App. 26 (2012)]

RICHARD HORNE AND WIFE, MEREDITH HORNE, PARKER HORNE, BY AND THROUGH HIS GAL, SCOTT W. HEINTZELMAN, PLAINTIFFS v. TOWN OF BLOWING ROCK D/B/A BLOWING ROCK PARK, DEFENDANT

No. COA12-196

(Filed 2 October 2012)

**1. Appeal and Error—interlocutory order—appeal allowed—review denial of motion to dismiss**

Although defendant's appeal from the trial court's denial of its motion to dismiss pursuant to N.C.G.S. § 1A-1, Rules 12(b)(1), 12(b)(6), and 12(c) was interlocutory, the Court of Appeals allowed defendant's appeal and considered defendant's argument that the trial court erred either in denying its motion to dismiss under Rules 12(b)(6) or 12(c) or in denying summary judgment in its favor on the grounds of governmental immunity.

**2. Pleadings—motion to dismiss converted to motion for summary judgment—additional documents considered—arguments of counsel considered**

The trial court did not err in a negligence action by converting defendant's N.C.G.S. § 1A-1, Rule 12(c) motion to dismiss into a N.C.G.S. § 1A-1, Rule 56 motion for summary judgment where the trial court considered additional documents submitted by defendant, the moving party, as well as arguments presented by counsel.

**3. Immunity—governmental—factors determining immunity—not addressed or considered**

The trial court did not err in a negligence case by denying summary judgment in defendant's favor on the basis of governmental immunity where all the relevant factors in determining the application of governmental immunity were not addressed by the parties and considered by the trial court.

Appeal by defendant from order entered 22 November 2011 by Judge R. Greg Horne in Watauga County District Court. Heard in the Court of Appeals 16 August 2012.

**HORNE v. TOWN OF BLOWING ROCK**

[223 N.C. App. 26 (2012)]

*The Roberts Law Firm, P.A., by Scott W. Roberts, for plaintiff appellees.*

*Cranfill Sumner & Hartzog LLP, by Patrick H. Flanagan and Kelly Beth Smith, for defendant appellant.*

McCULLOUGH, Judge.

The Town of Blowing Rock, d/b/a Blowing Rock Park ("defendant") appeals from an order of the trial court converting its Rule 12(c) motion to dismiss into a motion for summary judgment and denying its motion to dismiss plaintiffs' action on the basis of governmental immunity. We affirm.

## I. Background

Blowing Rock Park is a municipal recreation area located in Blowing Rock, North Carolina, and is maintained by the Town of Blowing Rock. On 25 February 2011, plaintiffs filed a complaint against defendant alleging that on 20 June 2011, the minor plaintiff Parker Horne was walking through Blowing Rock Park when he "stepped into a drain hole that was completely obscured from his view by overgrown grass and grass clippings," which caused him to sustain injuries to his left ankle and other portions of his body. Plaintiffs asserted, *inter alia,* that defendant was negligent in failing to inspect the park's premises, failing to warn visitors of hidden perils or unsafe conditions, and failing to properly maintain the grass around the drain hole. Plaintiffs Richard and Meredith Horne, parents of the minor plaintiff, sought recovery for all medical bills incurred on behalf of the minor, and the minor plaintiff Parker Horne sought a money judgment for his pain and suffering.

In their complaint, plaintiffs alleged that defendant had "waived its immunity for the suit by the purchase of liability insurance." On 26 April 2011, defendant filed an answer and motion to dismiss pursuant to Rules 12(b)(1), 12(b)(6), and 12(c) of the North Carolina Rules of Civil Procedure. In its motion to dismiss, defendant asserted that it was entitled to governmental immunity, and therefore plaintiffs' claims were barred. In support of its motion to dismiss based on governmental immunity, defendant attached a copy of an endorsement clause contained in its insurance policy titled "Sovereign Immunity Non-Waiver Endorsement," as well as an affidavit from its insurance adjuster, Laurie Scheel ("Scheel"), attesting to the authenticity of the insurance policy and its endorsement clause. The endorsement clause at issue states that "[n]othing in this policy, coverage part or

coverage form waives sovereign immunity for any insured[,]" and that the policy provides "no coverage" for any claim or suit for which defendant would otherwise have no liability because of sovereign immunity.

On 19 September 2011, a hearing was held on defendant's motion to dismiss. On 22 November 2011, the trial court entered an order stating that "[b]ased on receipt of the affidavit [of Scheel], the court will treat Defendant's Rule 12(c) motion as a motion for summary judgment (Rule 56)." Based on its "review of the pleadings, the sole affidavit and exhibit tendered, and arguments of counsel[,]" the trial court granted partial summary judgment in favor of defendant as to plaintiffs' claim that defendant had waived its governmental immunity by the purchase of liability insurance. However, citing this Court's opinion in *Estate of Williams v. Pasquotank County*, ___ N.C. App. ___, 711 S.E.2d 450 (2011), *vacated and remanded*, ___ N.C. ___, ___ S.E.2d ___, No. 231PA11 (Aug. 24, 2012), the trial court found there remained genuine issues of material fact and denied the remainder of defendant's motion to dismiss. On 22 December 2011, defendant gave timely written notice of appeal to this Court from the trial court's order.

## II. Appealability

**[1]** Because defendant appeals the trial court's denial of its motion to dismiss pursuant to Rules 12(b)(1), 12(b)(6) and 12(c), an interlocutory order, we must first address the issue of appealability. *See Data Gen. Corp. v. Cty. of Durham*, 143 N.C. App. 97, 100, 545 S.E.2d 243, 245 (2001) (noting that the denial of a motion to dismiss is interlocutory and ordinarily is not immediately appealable). Plaintiffs argue defendant's appeal should be dismissed as interlocutory, since defendant is admittedly appealing the trial court's denial of its motion to dismiss pursuant to Rule 12(b)(1), and this Court has expressly held that "the denial of a motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction is not immediately appealable." *Id.* at 100, 545 S.E.2d at 246.

To the contrary, defendant argues that this Court has consistently allowed immediate appellate review of "orders denying dispositive motions grounded on the defense of governmental immunity," as they affect a substantial right. *Hedrick v. Rains*, 121 N.C. App. 466, 468, 466 S.E.2d 281, 283 (1996). Our review of relevant case law reveals defendant's assertion is correct in the context of appeals from orders denying a party's motion to dismiss under Rules 12(b)(2) (personal

jurisdiction), 12(b)(6) (failure to state a claim), and 12(c) (judgment on the pleadings), and for summary judgment under Rule 56(c). *See, e.g., Transportation Servs. of N.C., Inc. v. Wake Cnty. Bd. of Educ.*, 198 N.C. App. 590, 593, 680 S.E.2d 223, 225 (2009) (allowing interlocutory review of trial court's denial of motion to dismiss under Rules 12(b)(2) and 12(b)(6)); *Davis v. Dibartolo*, 176 N.C. App. 142, 144, 625 S.E.2d 877, 879 (2006) ("The denial of a 12(b)(6) motion to dismiss for failure to state a claim is immediately appealable where the motion raises the defense of sovereign immunity."); *Hedrick*, 121 N.C. App. at 468, 466 S.E.2d at 283 (allowing interlocutory review of denial of Rule 12(c) motion for judgment on the pleadings asserting governmental immunity); *Owen v. Haywood Cnty.*, 205 N.C. App. 456, 458, 697 S.E.2d 357, 358-59 (denial of motion for summary judgment on grounds of governmental immunity is immediately appealable as affecting a substantial right), *disc. review denied*, 364 N.C. 615, 705 S.E.2d 361 (2010).

However, as plaintiffs correctly contend, this Court has expressly held that "the denial of a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is not immediately appealable, even where the defense of sovereign immunity is raised." *Davis*, 176 N.C. App. at 144-45, 625 S.E.2d at 880 (citing *Data Gen. Corp.*, 143 N.C. App. at 100, 545 S.E.2d at 246). In *Meherrin Indian Tribe v. Lewis*, 197 N.C. App. 380, 677 S.E.2d 203 (2009), this Court reiterated this point in holding that "defendants' appeal from the denial of their Rule 12(b)(1) motion based on sovereign immunity is neither immediately appealable pursuant to N.C. Gen. Stat. § 1–277(b), nor affects a substantial right." *Id.* at 385, 677 S.E.2d at 207.

Here, defendant's motion to dismiss was asserted pursuant to Rules 12(b)(1), 12(b)(6), and 12(c). We may properly review the trial court's denial of defendant's motion to dismiss under Rule 12(b)(6) or Rule 12(c). However, in light of this Court's holdings in *Data Gen. Corp., Davis,* and *Lewis,* an interlocutory review of the trial court's order denying defendant's motion to dismiss pursuant to Rule 12(b)(1) is not properly before this Court.

We note that in its brief, defendant first asserts that the trial court erred in denying its Rule 12(b)(1) motion to dismiss. Throughout its argument on the issue, however, defendant simply argues the trial court erred in denying its "motion to dismiss," without specifying under which Rule, and at times, defendant asserts the trial court erred in denying summary judgment in its favor on the grounds of governmental immunity. Given this Court's preference for reaching

the merits of an appeal, *see Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 199, 657 S.E.2d 361, 366 (2008), and in light of the trial court's order converting defendant's Rule 12(c) motion into a motion for summary judgment we will allow defendant's appeal and consider defendant's argument as contending the trial court erred either in denying its motion to dismiss under Rule 12(c) or in denying summary judgment in its favor on the grounds of governmental immunity.

### III.  Conversion of Motion to Dismiss Into Motion for Summary Judgment

**[2]** Defendant's first argument on appeal is that the trial court erred in converting its Rule 12(c) motion to dismiss into a Rule 56 motion for summary judgment. We disagree.

Rule 12(b) provides that a motion to dismiss for failure to state a claim under Rule 12(b)(6) "shall be treated as one for summary judgment and disposed of as provided in Rule 56" where "matters outside the pleading are presented to and not excluded by the court" in ruling on the motion. N.C. Gen. Stat. § 1A-1, Rule 12(b) (2011); *see also Data Gen. Corp.*, 143 N.C. App. at 102, 545 S.E.2d at 247. Rule 12(c) contains an identical provision, stating that "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56[.]" N.C. Gen. Stat. § 1A-1, Rule 12(c) (2011).

> The general rules about which documents can be considered on a Rule 12(c) motion are as follows: if documents are attached to and incorporated within a complaint, they become part of the complaint. They may, therefore, be considered in connection with a Rule . . . 12(c) motion without converting it into a motion for summary judgment. A document attached to the moving party's pleading may not be considered in connection with a Rule 12(c) motion unless the non-moving party has made admissions regarding the document.

*Estate of Means v. Scott Elec. Co., Inc.*, 207 N.C. App. 713, 717, 701 S.E.2d 294, 297 (2010) (ellipsis in original) (internal quotation marks and citations omitted).

Our case law has consistently treated submission of affidavits as a matter outside the pleadings. *See Town of Bladenboro v. McKeithan*, 44 N.C. App. 459, 460, 261 S.E.2d 260, 261 (1980) (treat-

**HORNE v. TOWN OF BLOWING ROCK**

[223 N.C. App. 26 (2012)]

ing motion for summary judgment as Rule 12(c) motion where the record "contains no affidavits"); *Minor v. Minor*, 70 N.C. App. 76, 78, 318 S.E.2d 865, 867 (1984) (Rule 12(c) motion must be treated as summary judgment motion where record "contains affidavits"); *Groves v. Community Hous. Corp.*, 144 N.C. App. 79, 86, 548 S.E.2d 535, 540 (2001) (trial court's summary judgment order treated as order for judgment on pleadings under Rule 12(c) where record "contains no affidavits, answers to interrogatories, or transcripts of arguments by counsel"); *Lambert v. Cartwright*, 160 N.C. App. 73, 75-76, 584 S.E.2d 341, 343 (2003) (trial court properly considered pleadings and attached exhibits in ruling on Rule 12(c) motion, noting that "[n]o affidavits were submitted to the trial court, and no evidence was taken"). In addition to affidavits, in both *Minor* and *Groves*, this Court indicated that arguments by counsel are likewise considered "matters outside the pleadings." *Minor*, 70 N.C. App. at 78, 318 S.E.2d at 867; *Groves*, 144 N.C. App. at 86, 548 S.E.2d at 540.

Here, the trial court's order plainly indicates it considered the affidavit of Scheel submitted by defendant, the moving party, as well as "arguments of counsel." Defendant relies on *Eastway Wrecker Serv., Inc. v. City of Charlotte*, 165 N.C. App. 639, 599 S.E.2d 410 (2004), for its contention that its attachments can be considered as incorporated into plaintiffs' complaint because plaintiffs alleged the existence of defendant's liability insurance policy and that such policy was the "subject of plaintiffs' complaint." *Eastway Wrecker* is inapposite, however, because in that case, the plaintiff incorporated the exhibits at issue into the complaint and expressly referenced those exhibits in the complaint. *Id.* at 642, 599 S.E.2d at 412. As we explained above, exhibits incorporated into a plaintiff's complaint are proper for consideration in ruling on a Rule 12(c) motion without converting the motion into a motion for summary judgment. Here, however, plaintiffs simply alleged that "[u]pon information and belief, [defendant] has waived its immunity for the suit by the purchase of liability insurance." Even if such an allegation could be considered an admission as to the existence of defendant's liability insurance policy, defendant did not simply attach a copy of the insurance policy as an exhibit to its answer. Rather, defendant attached only an endorsement that disputed plaintiffs' arguments concerning defendant's liability, in addition to the affidavit of its insurance adjuster. In light of its consideration of the additional documents submitted by defendant, the moving party, as well as arguments presented by counsel, the trial court did not err in converting defendant's Rule 12(c) motion into a motion for summary judgment.

## IV. Applicability of Governmental Immunity

### A. Standard of Review

[3] The standard of review for a trial court's ruling on a motion for summary judgment is *de novo*. *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007). "Under a *de novo* standard of review, this Court considers the matter anew and freely substitutes its own judgment for that of the trial court." *Reese v. Mecklenburg Cnty.*, 200 N.C. App. 491, 497, 685 S.E.2d 34, 38 (2009).

> The entry of summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. All inferences of fact from the proofs offered at the hearing must be drawn against the movant and in favor of the party opposing the motion. Summary judgment is proper when an essential element of the opposing party's claim does not exist, cannot be proven at trial, or would be barred by an affirmative defense.

*Owen*, 205 N.C. App. at 458-59, 697 S.E.2d at 359 (internal quotation marks, citations, and ellipses omitted); *see also* N.C. Gen. Stat. § 1A-1, Rule 56 (2011).

### B. Governmental Immunity

Defendant's primary contention on appeal is whether the trial court erred in denying summary judgment in its favor on the basis of governmental immunity. Defendant argues the operation of a public park is a governmental function, thereby entitling it to governmental immunity from plaintiffs' action, because (1) the legislature has established that operation of a public park is a governmental function, (2) there is no evidence in the record showing that operation of the park at issue was a proprietary function, and (3) public policy favors a ruling that defendant's operation of a public park is a governmental function thereby triggering governmental immunity.

It is well-established that "generally a municipal corporation is immune to suit for negligence of its agents in the performance of its governmental functions. However, the rule is subject to this modification: A [municipality] may be liable if the injury occurs while the agents of the [municipality] are performing a proprietary rather than a governmental function." *Rich v. City of Goldsboro*, 282 N.C. 383, 385, 192 S.E.2d 824, 826 (1972). Our Supreme Court has explained

that a governmental function is an activity that is "discretionary, political, legislative, or public in nature and performed for the public good in behalf of the State rather than for itself[.]" *Britt v. City of Wilmington*, 236 N.C. 446, 450, 73 S.E.2d 289, 293 (1952). On the other hand, a proprietary function is an activity that is "commercial or chiefly for the private advantage of the compact community[.]" *Id.* Thus, our Supreme Court has held that "[w]hen a municipality is acting 'in behalf of the State' in promoting or protecting the health, safety, security, or general welfare of its citizens, it is an agency of the sovereign. When it engages in a public enterprise essentially for the benefit of the compact community, it is acting within its proprietary powers." *Id.* at 450-51, 73 S.E.2d at 293.

Our Supreme Court has recently announced that "the threshold inquiry in determining whether a function is proprietary or governmental is whether, and to what degree, the legislature has addressed the issue." *Estate of Williams v. Pasquotank Cnty. Parks & Rec. Dep't,* ___ N.C. ___, ___, ___ S.E.2d ___, ___, No. 231PA11, slip. op. at 9 (Aug. 24, 2012). Like the present case, the defendant in *Williams* asserted that N.C. Gen. Stat. § 160A-351, North Carolina's Recreation Enabling Law, is dispositive. *Id.* Section 160A-351 provides:

> The lack of adequate recreational programs and facilities is a menace to the morals, happiness, and welfare of the people of this State. Making available recreational opportunities for citizens of all ages is a subject of general interest and concern, and a function requiring appropriate action by both State and local government. The General Assembly therefore declares that the public good and the general welfare of the citizens of this State require adequate recreation programs, that *the creation, establishment, and operation of parks and recreation programs is a proper governmental function,* and that it is the policy of North Carolina to forever encourage, foster, and provide these facilities and programs for all its citizens.

N.C. Gen. Stat. § 160A-351 (2011) (emphasis added). In *Williams*, our Supreme Court noted this statute is "clearly relevant" to the question of whether the defendant's conduct in maintaining and operating a swimming area within a public park is a governmental or proprietary endeavor. *Williams,* ___ N.C. at ___, ___ S.E.2d at ___, No. 231PA11, slip. op. at 10. Nonetheless, our Supreme Court declined to hold that the statute is ultimately determinative of the issue. *Id.* Rather, our Supreme Court explained that "even if the operation of a parks and recreation program is a governmental function by statute, the ques-

tion remains whether the specific operation of the [swimming area] component of [the public recreation area], in this case and under these circumstances, is a governmental function." *Id.*

In *Williams,* our Supreme Court further recognized that "not every nuanced action that could occur in a park or other recreational facility has been designated as governmental or proprietary in nature by the legislature[,]" and stated that "[w]hen the legislature has not directly resolved whether a specific activity is governmental or proprietary in nature, other factors are relevant." *Id.* at ___, ___ S.E.2d at ___, No. 231PA11, slip. op. at 11. These factors include whether the undertaking is one in which only a governmental agency could engage, whether the undertaking is traditionally one provided by a governmental entity, whether a substantial fee is charged for the service provided, and whether that fee does more than simply cover the operating costs of the service provider. *Id.* at ___, ___ S.E.2d at ___, No. 231PA11, slip. op. at 11-12. Ultimately, "the proper designation of a particular action of a county or municipality is a fact intensive inquiry, turning on the facts alleged in the complaint, and may differ from case to case." *Id.* at ___, ___ S.E.2d at ___, No. 231PA11, slip. op. at 13.

In *Glenn v. City of Raleigh,* 246 N.C. 469, 98 S.E.2d 913 (1957), our Supreme Court considered a factual scenario similar to the present case. In *Glenn,* the minor plaintiff was severely injured when a rock thrown from a lawn mower struck him in the head while he was sitting at a table in a public park operated by the City of Raleigh. *Id.* at 470, 98 S.E.2d at 913-14. On appeal, our Supreme Court determined the City did not have governmental immunity from the plaintiff's action due to the income the City was deriving from the operation of the park, noting that "[i]n order to deprive a municipal corporation of the benefit of governmental immunity, . . . the act or function must involve special corporate benefit or pecuniary profit inuring to the municipality." *Id.* at 476-77, 98 S.E.2d at 918-19 (internal quotation marks and citation omitted).

Our Supreme Court later clarified that "[t]he holding in *Glenn* was based upon the fact [that] the evidence showed the city operated the park as a business enterprise rather than in the governmental capacity of providing recreation for its citizens." *Rich,* 282 N.C. at 387, 192 S.E.2d at 827. In *Rich,* our Supreme Court considered "whether Goldsboro is liable in damages for the negligent acts of its officers or agents in failing to inspect, discover defects, and keep in good repair the playground equipment in Herman Park, the city's pub-

lic playground." *Id.* at 385, 192 S.E.2d at 826. Considering the minimal income the City of Goldsboro derived from operation of its train ride within the park, our Supreme Court in *Rich* upheld summary judgment in favor of the City on the basis of governmental immunity. *Id.* at 387-88, 192 S.E.2d at 827. Thus, prior cases in this State reveal that a municipality's operation and maintenance of free public parks for the recreation of its citizens is traditionally a governmental function for which governmental immunity will ordinarily apply; but a municipality may waive such governmental immunity when revenue is derived either from the operation of the park itself or from the conduct of activities within the park, which can render the park's operation and maintenance a proprietary function. *See Hickman v. Fuqua,* 108 N.C. App. 80, 82-84, 442 S.E.2d 449, 451-52 (1992).

Here, defendant asserts there is no evidence in the record indicating it charged a fee for use of Blowing Rock Park or that the Town of Blowing Rock received a profit or derived substantial income from the operation of Blowing Rock Park. Plaintiffs contend that this assertion is precisely why the trial court correctly denied summary judgment and/or defendant's motion to dismiss, as such issues are material facts that cannot be ascertained from the record.

We agree with plaintiffs, given our Supreme Court's holdings in *Glenn* and *Rich*, which considered the relevant factors reiterated by our Supreme Court in *Williams*. None of these factors appear to be addressed by the record before us. In order for the trial court to grant summary judgment in favor of defendant, there must be no remaining issues of material fact. The burden is on the movant, here defendant, to "show that no material issue of fact exists and that he is clearly entitled to judgment." *Ragsdale v. Kennedy,* 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974). We recognize our statutes and case law, in addition to the case law of other jurisdictions, generally favor the application of governmental immunity in the operation and maintenance of public parks, particularly in cases where there is no income derived by the municipality in operating and maintaining the park. *See generally, Liability of municipal corporations for injuries due to conditions in parks,* 142 A.L.R. 1340 (1943). Here, however, as the trial court properly found, there remain issues of fact as to the revenue or income derived, if any, from defendant's operation of the park. We note that, although plaintiffs attempt to distinguish the particular activity of lawn maintenance from the general undertaking of operating the public park here, such distinction is meaningless, as lawn maintenance of a public park is an indispensable aspect of establishing and operating such park.

Although *Williams* indicates the trial court should consider the relevant factors outlined above in light of the facts alleged in the complaint, we note that in both *Glenn* and *Rich*, evidence of the income derived by the municipality in its operation of the park at issue came to light either through trial testimony, *see Glenn*, 246 N.C. at 471-72, 98 S.E.2d at 914-15, or through answers to interrogatories, *see Rich*, 282 N.C. at 384, 192 S.E.2d at 825, prior to the defendant's moving for summary judgment. Here, we note the factual allegations in plaintiffs' complaint do not address the factors to be considered by the trial court in making a determination on whether defendant's operation of Blowing Rock Park is a governmental or proprietary function. However, given the procedural posture in this case, in which the trial court converted defendant's motion to dismiss into a motion for summary judgment without taking further evidence, and the trial court's recognition that discovery is ongoing in this case, we conclude plaintiffs' failure to allege such relevant facts in their complaint is not dispositive. Rather, such facts could have, and can be, easily resolved through discovery and presented to the trial court with a subsequent motion for summary judgment. Nonetheless, under the present circumstances, summary judgment is not proper on this record, where all the relevant factors in determining the application of governmental immunity have not been addressed by the parties and considered by the trial court.

Finally, we note that, although plaintiffs briefly contend the endorsement contained in defendant's liability insurance policy violates statutory law, plaintiffs nonetheless state, twice, that such contention is "not an issue on appeal," and plaintiffs have not appealed from the trial court's grant of summary judgment in favor of defendant on the issue of whether defendant waived governmental immunity by the purchase of its liability insurance policy. Nonetheless, in light of this Court's discussion in *Owen v. Haywood County*, 205 N.C. App. 456, 459-61, 697 S.E.2d 357, 359-60, *disc. review denied*, 364 N.C. 615, 705 S.E.2d 361 (2010), and the line of cases discussed therein addressing this issue, the trial court did not err in granting summary judgment in favor of defendant on this issue.

## V. Conclusion

The question of governmental immunity is a substantial right allowing for interlocutory appellate review, but only for denial of a motion to dismiss under Rules 12(b)(2), 12(b)(6), and 12(c), or a motion for summary judgment under Rule 56. We cannot review a trial court's order denying a motion to dismiss under Rule 12(b)(1).

JOHN CONNOR CONSTR., INC. v. GRANDFATHER HOLDING CO.

[223 N.C. App. 37 (2012)]

Although defendant argues the trial court erred in denying its Rule 12(b)(1) motion, the trial court also denied its Rule 12(b)(6) and Rule 12(c) motions, as well as summary judgment, on the basis of governmental immunity, which we may review.

Given the trial court's consideration of defendant's attached exhibits, including an affidavit, as well as the arguments of counsel, the trial court did not err in converting defendant's Rule 12(c) motion into a motion for summary judgment. The trial court properly found there remain issues of fact as to the revenue or income derived, if any, from defendant's operation of the park. Accordingly, summary judgment is not proper on this record, and the trial court properly denied summary judgment in favor of defendant on the issue of governmental immunity.

Affirmed.

Judges CALABRIA and STROUD concur.