TaiDoc Tech. Corp. v. OK Biotech Co., Ltd, 2015 NCBC 25.

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
12 CVS 20909

TAIDOC TECHNOLOGY
CORPORATION,

        Plaintiff,

v.

OK BIOTECH CO., LTD.,

        Defendant.

ORDER AND OPINION

{1}    **THIS MATTER** is before the Court upon Defendant OK Biotech Co. Ltd.'s ("OK Biotech") Rule 12(c) Motion for Judgment on the Pleadings ("Rule 12(c) Motion" or "Motion") in the above-captioned case. After considering OK Biotech's Motion, briefs in support of and opposition to the Motion, and the arguments of counsel at a hearing on March 13, 2015, the Court hereby **CONVERTS** OK Biotech's Rule 12(c) Motion into a motion for summary judgment under Rule 56 of the North Carolina Rules of Civil Procedure and **ORDERS** supplemental briefing and hearing on the Motion as provided herein.[1]

> *Erwin, Bishop, Capitano & Moss, P.A., by Joseph W. Moss, Jr. and J. Daniel Bishop, for Plaintiff Taidoc Technology Corporation.*
>
> *Foley & Lardner LLP, by George C. Beck, Michael J. Lockerby, and Brian J. Kapatkin, and Clements Bernard PLLC, by Christopher L. Bernard and Lawrence A. Baratta, Jr., for Defendant OK Biotech Co., Ltd.*

---

[1] N.C. Gen. Stat. § 7A-45.3 requires the undersigned to issue a written opinion in connection with any order "granting or denying" a motion under N.C. Gen. Stat. § 1A-1, Rule 12. While neither granting nor denying the Rule 12(c) Motion, the Court nonetheless elects to issue this written opinion in connection with the Motion because the conversion of the Motion from Rule 12(c) to Rule 56 is a disposition of the Motion under Rule 12.

# I.

## PROCEDURAL HISTORY

{2}    Plaintiff TaiDoc Technology Corporation ("TaiDoc") commenced this action on November 16, 2012 by filing a Rule 3 Summons and Application and Order Extending Time to File Complaint.

{3}    On December 6, 2012, TaiDoc filed its Complaint, alleging that OK Biotech was involved in an unlawful scheme and co-conspiracy with Diagnostic Devices, Inc. ("DDI") and Prodigy Diabetes Care, LLC ("Prodigy") "to obtain and use TaiDoc's confidential and proprietary information and trade secrets to unfairly compete with TaiDoc" and that "OK Biotech independently interfered with TaiDoc's contract with DDI and with prospective business opportunities, misappropriated trade secrets and engaged in unfair and deceptive acts and practices and unfair competition." (Compl. ¶ 10.)

{4}    TaiDoc brought direct claims against OK Biotech for fraud (liability as alleged co-conspirator), facilitating fraud, aiding and abetting fraud, misappropriation of trade secrets under N.C. Gen. Stat. § 66-152 *et seq.*, unfair trade practices and unfair competition under N.C. Gen. Stat. § 75-1.1 *et seq.*, tortious interference with contract, tortious interference with prospective economic advantage, unjust enrichment, and injunctive relief. (*See* Compl.)

{5}    On February 14, 2013, OK Biotech designated this action as a mandatory complex business case.

{6}     On February 20, 2013, the case was assigned to this Court (Murphy, J.) and subsequently assigned to the undersigned on July 1, 2014.

{7}     OK Biotech filed its Answer, Affirmative Defenses, and Counterclaims on September 3, 2013, and filed its Amended Answer, Affirmative Defenses, and Counterclaims with thirteen (13) attachments ("Amended Answer") on November 10, 2014.

{8}     On November 17, 2014, OK Biotech filed the Rule 12(c) Motion that is the subject of this Order and Opinion.

{9}     The time for briefing, submissions, and arguments has now passed and the Motion is ripe for resolution.

II.

ANALYSIS

{10}     In its Rule 12(c) Motion, OK Biotech argues that TaiDoc's claims are barred by a mutual release provision in a March 30, 2012 Settlement Agreement and Release (the "Release Agreement") between TaiDoc, DDI, Prodigy, Richard Admani ("Admani") and Ramzi Abulhaj ("Abulhaj").[2]

{11}     OK Biotech was not a signatory to the Release Agreement nor a released party as of March 30, 2012. (*See* Release Agreement.)

{12}     On March 19, 2013, OK Biotech acquired a forty-five (45) percent minority membership interest in Prodigy from Admani and Abulhaj. (Def.'s Reply Supp. Mot. p. 6.)

---

[2] A copy of the Release Agreement is attached to OK Biotech's Amended Answer as Exhibit H.

{13} On April 29, 2014, OK Biotech entered into an Assignment and Designation of Settlement Agreement and Contingent Release of Indemnity ("Designation of Release Agreement")[3] with Prodigy. (Am. Answer, Ex. 1.)

{14} OK Biotech contends that as a result of its purchase of a forty-five (45) percent membership interest in Prodigy and its subsequent execution of a Designation of Release Agreement with Prodigy, it became a "member," "successor" and "designee" under the terms of the Release Agreement. (*See* Def.'s Br. Supp. Mot.) As such, OK Biotech contends that it is a beneficiary of Taidoc's release in the Release Agreement and cannot be held liable for any of the claims alleged in TaiDoc's Complaint. (*Id.* at p. 21.)

{15} In response, TaiDoc asserts that "OK Biotech's Rule 12(c) motion must be denied on procedural grounds because it (a) relies upon numerous documents and facts not admitted in the pleadings; and (b) is not supported by admissible evidence to allow conversion to a Rule 56 motion for summary judgment." (Pl.'s Br. Opp. Mot. p. 1.)

{16} TaiDoc further argues that the Release Agreement did not vest "in Prodigy a perpetual power to grant to any third-party an unqualified release from liability to TaiDoc" and that OK Biotech's forty-five (45) percent membership interest in Prodigy, purchased a year after TaiDoc and Prodigy executed the Release Agreement, did not make OK Biotech a "member" of Prodigy under the Release Agreement for purposes of releasing OK Biotech from liability. (*Id.* at p. 2.)

---

[3] A copy of the Designation of Release Agreement is attached to OK Biotech's Amended Answer as Exhibit 1.

A. N.C. Rule of Civil Procedure, Rule 12(c)

{17} TaiDoc contends that, under a Rule 12(c) analysis, the Court should not consider the Release Agreement, Designation of Release Agreement, or the other attachments to OK Biotech's Amended Answer. Rather, Taidoc contends that OK Biotech's Rule 12(c) Motion should dismissed, or converted to a Rule 56 motion for summary judgment that is properly supported by admissible evidence.

{18} "A motion for judgment on the pleadings is the proper procedure when all material allegations of fact are admitted in the pleadings and only questions of law remain. When pleadings do not resolve all the factual issues, judgment on the pleadings is generally inappropriate." *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974) (citation omitted). The trial court must "view the facts and permissible inferences in the light most favorable to the nonmoving party. All well pleaded factual allegations in the nonmoving party's pleadings are taken as true and all contravening assertions in the movant's pleadings are taken as false." *Id.* (citations omitted).

{19} Of particular significance to this case: "[I]f documents are attached to and incorporated within a complaint, they become part of the complaint" and may be considered. *Estate of Means v. Scott Elec. Co.*, 207 N.C. App. 713, 717, 701 S.E.2d 294, 297 (2010) (citation omitted). However, "'[a] document attached to the moving party's pleading may not be considered in connection with a Rule 12(c) motion unless the non-moving party has made admissions regarding the document.'" *Id.* (quoting *Reese v. Charlotte-Mecklenburg Bd. of Educ.*, 196 N.C.

App. 539, 545, 676 S.E.2d 481, 486 (2009)); *see also Bigelow v. Town of Chapel Hill*, 745 S.E.2d 316, 319–20 (N.C. Ct. App. 2013) ("'[A] document attached to the moving party's pleading may not be considered in connection with a Rule 12(c) motion unless the non-moving party has made admissions regarding the document.'") (quoting *Weaver v. St. Joseph of the Pines, Inc.*, 187 N.C. App. 198, 205, 652 S.E.2d 701, 708 (2007)); *Horne v. Town of Blowing Rock*, 732 S.E.2d 614, 617 (N.C. Ct. App. 2012) (same); *Fisher v. Town of Nags Head*, 220 N.C. App. 478, 480–81, 725 S.E.2d 99, 102 (2012) (same); *Reese v. City of Charlotte*, 196 N.C. App. 557, 561, 676 S.E.2d 493, 496 (2009) (same).

{20}   If the trial court considers matters that are outside the pleadings in deciding a Rule 12(c) Motion, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56[.]"  *Horne*, 732 S.E.2d at 617 (quoting N.C. Gen. Stat. § 1A-1, Rule 12(c) (2011)).

{21}   OK Biotech argues that the Court should consider the Release Agreement in deciding its Rule 12(c) Motion, but admits that in order for the Court to determine whether the Release Agreement "bars TaiDoc's claims requires reference to other documents relevant to its applicability."  (Def.'s Br. Supp. Mot., p. 11.)

{22}   In particular, in addition to the Release Agreement, OK Biotech asks the Court to consider the December 24, 2012 Transfer and Assignment of 510(k) Ownership and Registrations ("Transfer Agreement"),[4] the March 19, 2013

---

[4] A copy of the Transfer Agreement is attached to OK Biotech's Amended Answer as Exhibit K.

Purchase and Sale of LLC Membership Interest Agreement ("Purchase and Sale Agreement"),[5] the January 14, 2014 Supply Agreement,[6] and the Designation of Release Agreement, in construing the Release Agreement and deciding the Rule 12(c) Motion, all of which OK Biotech has attached to its Amended Answer.[7]

{23} Although OK Biotech acknowledges that the documents it seeks to have the Court consider are "outside the pleadings," OK Biotech contends that they are properly before the Court under Rule 12(c) because Taidoc has not challenged their authenticity (Def.'s Br. Supp. Mot., p. 1), they are "attached to or referred to in the pleadings" (Def.'s Br. Supp. Mot., p. 10), and they "do not contradict or otherwise challenge any of Taidoc's allegations," (Def.'s Reply Supp. Mot., p. 3).

{24} OK Biotech's arguments are unavailing. None of the documents OK Biotech relies upon were attached or referenced in the Complaint. Indeed, except for the Release Agreement, which OK Biotech did not sign, none of these documents were executed before TaiDoc's Complaint was filed. Although some were made part of the pleadings as attachments to OK Biotech's Amended Answer, others were not attached but were simply referenced, and all are advanced as support for OK Biotech's affirmative defense that Taidoc's claims are barred by the Release Agreement. Such facts and contentions were nowhere raised or anticipated in

---

[5] A copy of the Purchase and Sale Agreement is attached to OK Biotech's Amended Answer as Exhibit L.

[6] A copy of the Supply Agreement is attached to OK Biotech's Amended Answer as Exhibit B.

[7] OK Biotech asks the Court to consider several documents on the Motion that it did not attach to its Amended Answer and that Taidoc did not attach to its Complaint, including (i) the December 7, 2012 "Letter of Intent" (Def.'s Br. Supp. Mot., p. 4); (ii) the January 2013 "Private Placement Memorandum" (Def.'s Br. Supp. Mot., p. 5); and (iii) the March 19, 2013 Operating Agreement (Def. Br. Supp. Mot. p. 5).

TaiDoc's Complaint. OK Biotech's arguments ignore the clear directive from our appellate courts that this Court may not consider documents attached to the Amended Answer unless TaiDoc has made admissions regarding the documents in its Complaint. *Weaver*, 187 N.C. App. at 205, 652 S.E.2d at 708. That Taidoc may have made admissions concerning these documents in its brief or in its arguments, as OK Biotech suggests, is of no consequence. *See, e.g., Minor v. Minor*, 70 N.C. App. 76, 78, 318 S.E.2d 865, 867 (1984) (holding with respect to Rule 12(c) motions that "no evidence is to be heard, and the trial judge is not to consider statements of fact in the briefs of the parties or the testimony of allegations by the parties in different proceedings") (citations omitted); *Groves v. Cmty. Hous. Corp.*, 144 N.C. App. 79, 86, 548 S.E.2d 535, 540 (2001) (holding arguments by counsel are "matters outside the pleadings" under Rule 12(c)).

{25} As a result, the Court concludes that the documents upon which OK Biotech relies in the Motion are "outside the pleadings" and may not be considered by the Court under Rule 12(c). *E.g., Weaver*, 187 N.C. App. at 205, 652 S.E.2d at 708 (document "attached to" pleading "must be disregarded when it was not the subject of any admission by the non-moving" party) (citation and quotations omitted). Rule 12(c) therefore requires that the Motion "shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." N.C. Gen. Stat. § 1A-1, Rule 56; *see Horne*, 732 S.E.2d at 617.

## III.

## CONCLUSION

{26}    **WHEREFORE**, the Court hereby **CONVERTS** OK Biotech's Rule 12(c) Motion into a Rule 56 Motion for Summary Judgment, *see* N.C. Gen. Stat. § 1A-1, Rules 12(c) and 56, and **ORDERS** as follows:

   a. OK Biotech shall file any additional submissions in support of its Rule 56 Motion for Summary Judgment on or before March 20, 2015;

   b. TaiDoc shall file its Response in opposition to the Rule 56 Motion for Summary Judgment on or before May 1, 2015; and

   c. OK Biotech shall file its Reply in support of its Rule 56 Motion for Summary Judgment on or before May 12, 2015.

{27}    The parties shall appear before the Court for a hearing on OK Biotech's Rule 56 Motion for Summary Judgment at 9:30 AM on May 15, 2015 in Courtroom 6370 of the Mecklenburg County Courthouse, 832 East Fourth Street, Charlotte, North Carolina.

   **SO ORDERED**, this the 16th day of March, 2015.